Gabe **KAIMOWITZ**, Plaintiff–Appellant,

v.

**THE FLORIDA BAR, its agents, employees and assignees,** Defendant–Appellee.

No. 92–2897
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Aug. 4, 1993.

**1152**

George L. Waas, Asst. Atty. Gen., Tallahassee, FL, Joanne Reed Day, Jacksonville, FL, for defendant-appellee.

Before KRAVITCH and BIRCH, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

This is an appeal from the district court's order granting summary judgment to the Florida Bar and the Supreme Court of Florida in Attorney Gabe Kaimowitz's Civil Rights action. Kaimowitz pled that the racial disparity within the governing board of the Florida Bar and the Florida Supreme Court has "worked to the disadvantage" of Kaimowitz and others who provide legal services to "oppressed minorities" in Florida and in that mandatory membership in that association violates his right to free association protected by the First Amendment, citing numerous examples of Florida Bar officials who have worked actively against him, particularly during his tenure as Director of the Greater Orlando Legal Services. Kaimowitz seeks declaratory and injunctive relief to allow him to withdraw from the Florida Bar while retaining the right, based on his New York Bar membership, to practice law in the Federal Courts of Florida and to practice in the Florida State Courts on a *pro hac vice* basis.

The district court found that conditioning an attorney's license to practice law upon state bar membership and payment of dues does not violate the Constitution and that the Eleventh Amendment bars Kaimowitz's suit for damages against the Florida Bar and the Florida Supreme Court.

Kaimowitz filed a motion for reconsideration in which he urged the district court to amend its order by adding a ruling against any action by the Florida Bar or the Florida Supreme Court to interfere with his right to practice in the Federal Courts of Florida should he discontinue payment of bar dues and, presumably thereby lose his license to practice law in Florida. In response, the Florida Bar and the Florida Supreme Court pointed out that this issue is not ripe for adjudication and the district court denied the motion for reconsideration.

The court's order granting summary judgment contains a detailed analysis of the facts and applicable law surrounding the issues raised:

Whether he may disassociate from the Florida Bar without loss of his license to practice law and whether the Eleventh

Amendment protects the Florida Bar from suit for damages.

 The record fully supports the facts as found by the district court and the cases cited support the court's legal analysis. We, therefore, adopt the court's memorandum opinion as the judgment of this Court. It is attached as an appendix hereto.

 On appeal, Kaimowitz also argues that the district court erred by denying his request to amend its order and enjoin the Florida Bar from imposing sanctions which would interfere with his practice of law in Florida's Federal Courts if he ceases to be a member in good standing of the Florida Bar.

The Florida Bar and Supreme Court maintain that requiring membership in good standing of the state bar in order to practice in Federal District Court is constitutional.

In an action tried without a jury, the court may, on motion, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law, or make new findings and conclusions, and direct the entry of a new judgment. Fed. R.Civ.P. 59(a)(2). The Florida Bar has taken no action to enjoin Kaimowitz's practicing law in the federal sector. Because the issue raised by Kaimowitz in his motion for reconsideration is not ripe, the district court acted within its discretion by denying the motion. *See International Tape Mfrs. Ass'n v. Gerstein*, 494 F.2d 25, 28 (5th Cir.1974) (one challenging a statute must demonstrate that he is immediately injured or jeopardized by its operation). Kaimowitz has not shown, in his original complaint or in his motion for reconsideration, that he is not a member in good standing of the Florida Bar, or that the Federal Court has threatened to remove him from its membership. Accordingly, adjudication of this issue would constitute an advisory opinion treating a hypothetical case rather than an actual controversy. Therefore, the district court's denial of Kaimowitz's motion to amend the judgment is

AFFIRMED.

1. Plaintiff has also moved for reconsideration of an order entered by Judge Sharp after he had recused himself from the case. That order stated

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GABE KAIMOWITZ, Plaintiff,

–vs–

THE FLORIDA BAR, etc.,
et al., Defendants.

CASE NO. 88–835 CIV–ORL–18(D)

*ORDER*

HODGES, District Judge.

This is an action, pursuant to 42 U.S.C. §§ 1981 and 1983, by a member of the Florida Bar who alleges that his compulsory membership in that organization violates his rights to freedom of speech and association under the First and Fourteenth Amendments. Plaintiff seeks to disassociate himself from the Florida Bar yet retain his license to practice law in Florida. (R1–1) He also objects to the requirement that he pay annual dues to the Florida Bar, some of which are allegedly used to finance political lobbying by the Bar. (*Id.*)

This action was brought in the Orlando Division in September, 1988. Upon motion of the Plaintiff, however, both resident District Judges in that Division recused themselves. (Docs. # 2 & 5). The case was then transferred to the undersigned, as Chief Judge at that time. Plaintiff's subsequent motion to recuse all Judges who are members of the Florida Bar was denied. (Doc. # 8). By Order entered March 20, 1989, Plaintiff's motion for a preliminary injunction was denied. (Doc. # 25). Plaintiff appealed that interlocutory order, and the order was affirmed by the Court of Appeals by mandate issued February 21, 1990. (Doc. # 34). The Defendants have moved for summary judgment (R1–27, 28) while the Plaintiff has moved for partial summary judgment, (R1–37) for the setting of a scheduling conference, and to stay his annual bar dues payment.[1]

that the Court would take the motion for summary judgment under advisement on February 27, 1990 and that the parties may file supporting

Those motions are now before the Court and are ripe for decision.

■ Since the filing of Defendants' motion, two decisions have been handed down by the United States Supreme Court and the Eleventh Circuit Court of Appeals which squarely address most of Plaintiff's claims. In *Keller v. State Bar of California*, the Supreme Court examined the constitutionality of the California bar's practice of using bar member's dues to finance political activities. 496 U.S. 1, 110 S.Ct. 2228, 110 L.Ed.2d 1 (1990). The Court held that to the extent that an integrated bar [2] and its members and officers operate "essentially as professional advisors to those ultimately charged with regulating the legal profession" (in this case, the Supreme Court of Florida), compelled association and payment of dues is permissible. *Id.*, 496 U.S. at 13, 110 S.Ct. at 2237. However, "compulsory dues may not be expended to endorse or advance" a political objective. *Id.* In order to comply with this decision, the Court extended to state bars the procedures it had previously required of labor unions in the collection of dues:

> "[A]ccording to *Teachers v. Hudson*, 475 U.S. 292, 106 S.Ct. 1066, 89 L.Ed.2d 232 (1986), the constitutional requirements for the association's ... collection of fees include an adequate explanation of the basis for the fee, a reasonably prompt opportunity to challenge the amount of the fee before an impartial decisionmaker, and an escrow for the amounts reasonably in dispute while such challenges are pending."

*Id.*, 496 U.S. at 16, 110 S.Ct. at 2237. The California bar had no such system in place at the time the case was decided.

In *Gibson v. The Florida Bar*, the Eleventh Circuit applied *Keller* to the procedures adopted by the Florida Bar for resolving challenges to the payment of dues by its members. 906 F.2d 624 (11th Cir.1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 633, 116 L.Ed.2d 432 (1991). Chief Judge Tjoflat, writing for the majority of the panel, carefully examined the Florida Bar's procedures and found that they satisfy the requirements of the Constitution and applicable case law.[3]

*Gibson* therefore controls Plaintiff's claim regarding payment of bar dues, and Defendants' motions for summary judgment are due to be granted on that claim.

■ Plaintiff also asserts in the complaint that his compelled association with the Florida Bar violates his First Amendment right to freedom of association. Both *Keller* and *Gibson* dealt only with compulsory payment of bar dues, not with the constitutionality of compulsory membership in and of itself. That issue was decided by the Supreme Court in 1961, in a decision on which the *Keller* Court relied heavily. *Lathrop v. Donohue*, 367 U.S. 820, 81 S.Ct. 1826, 6 L.Ed.2d 1191 (1961). Justice Harlan, concurring in the judgment, stated:

> The [*Railway Emp. Dept. v.*] *Hanson* case, 351 U.S. 225, 76 S.Ct. 714, 100 L.Ed. 1112, decided by a unanimous Court, surely lays at rest all doubt that a State may Constitutionally condition the right to practice law upon membership in an integrated bar association, a condition fully as justified by state needs as the union shop is by federal needs.

*Lathrop*, 367 U.S. at 849, 81 S.Ct. at 1841. The *Lathrop* decision controls Plaintiff's claim regarding compulsory bar membership, and the Defendants' motion is due to be granted on that claim as well.

■ Plaintiff's only remaining claim seeks damages from the Defendant Florida Bar,

---

affidavits or other evidence until that date. Plaintiff's motion simply objects to the entry of the order by Judge Sharp after he had recused himself. The motion does not assert that Plaintiff has been prejudiced in any way by the content of the order. Plaintiff's motion is due to be denied.

**2.** An "integrated bar" refers to "an association of attorneys in which membership and dues are required as a condition of practicing law in the

State." *Keller*, 496 U.S. at 5, 110 S.Ct. at 2231. The Florida Bar is an integrated bar. *Rules Regulating the Florida Bar*, §§ 1–3.1, 1–3.2.

**3.** The only exception was the bar's formula for the calculation of interest on refund payments, which the Court found unacceptable. Because Plaintiff does not challenge the bar's calculation of interest, that portion of the decision is irrelevant to this case.

pursuant to 42 U.S.C. § 1981, for actions allegedly taken by. the Bar to support "the exploitation and resegregation of blacks" and its alleged interference with Plaintiff's "opportunity to seek employment with or for agencies and individuals normally serving blacks." Defendants' motion asserts that the Eleventh Amendment bars the Plaintiff from recovering damages against the Florida Bar. (R1–27, 28) Plaintiff's response addresses this claim with a single paragraph of conclusory statements, without any citation to legal authority. (R1–35).

 "The Eleventh Amendment prohibits federal courts from exercising subject matter jurisdiction in suits brought against a state by a citizen of that state. The amendment applies even when a state is not named as a party of record, if for all practical purposes the action is against the state. Thus, the Eleventh Amendment extends to state agencies and other arms of the state." *Schopler v. Bliss,* 903 F.2d 1373, 1378 (11th Cir.1990) (citations omitted). The Eleventh Amendment prohibits actions against state courts and state bars. *See, Ginter v. State Bar of Nevada,* 625 F.2d 829 (9th Cir.1980); *Browne v. N.Y.S. Court System,* 599 F.Supp. 36 (E.D.N.Y.1984); *Mattas v. Supreme Court of Pennsylvania,* 576 F.Supp. 1178 (W.D.Pa. 1983). Plaintiff's only response to the Defendants' argument is his unsupported assertion that the Florida Bar is not a state agency for Eleventh Amendment purposes. Plaintiff's assertion is contradicted by the preamble of the Rules Regulating the Florida Bar, whereby the Supreme Court of Florida established the bar as "an official arm of the Court." *Rules Regulating the Florida Bar,* 494 So.2d 977, 979 (Fla.1986). This Court therefore lacks subject matter jurisdiction to adjudicate Plaintiff's claim for damages.

Accordingly, upon due consideration, it is ORDERED that:

(1) Defendants' motions for summary judgment (Docs. # 27 & 28) are GRANTED, and the Clerk is directed to enter judgment against the Plaintiff and in favor of the Defendants on all claims.

(2) Plaintiff's motion for reconsideration (Doc. # 31) is DENIED.

(3) Plaintiff's motion for scheduling conference (Doc. # 36) is DENIED as MOOT.

(4) Plaintiff's motion for partial summary judgment (Doc. # 37) is DENIED.

(5) Plaintiff's emergency motion for stay of bar dues payment (Doc. # 44) is DENIED.

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this 13th day of January, 1992.