[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15854
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 28, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-14258-CV-KMM

JENEAN MCBREARTY,

Plaintiff-Appellant,

versus

BRIAN KOJI,
HIGHLAND COUNTY CIRCUIT COURT,
JUDGE OLIN SHINHOLSER, Individually
and in his official capacity,
2ND DIST. CRT OF APP,
JUDGE PATRICIA KELLY,
DOUGLAS WALLACE,
EDWARD LA ROSE, all individually
and in their official capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 28, 2009)

Before DUBINA, Chief Judge, TJOFLAT and EDMONDSON, Circuit Judges.


PER CURIAM:

Jenean McBrearty, proceeding pro se, appeals the dismissal of her complaint -- which alleged violations of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12131, et seq., and 42 U.S.C. § 1983 -- for failure to state a claim, Fed.R.Civ.P. 12(b)(6). No reversible error has been shown; we affirm.

The factual basis of McBrearty's claims stems from the state court proceedings in a breach-of-contract case she filed against her former employer, South Florida Community College. Brian Koji, who represented SFCC, filed a motion for summary judgment. McBrearty, sought -- through the Highlands County Circuit Court (the "circuit court") clerk's office -- to attend the summary judgment hearing via telephone because she was disabled. The clerk's office referred her to Judge Olin Shinholser, who was presiding over her case.

2

Shinholser's judicial assistant informed McBrearty that Shinholser would not allow her to appear by phone.

McBrearty arrived at the hearing 90 minutes late and was unable to argue her side of the motion; Shinholser granted summary judgment to SFCC. McBrearty filed for reconsideration and rehearing based on her disability and the lack of a reasonable accommodation; Shinholser denied the motion. She appealed to the Second District Court of Appeals (the "appeals court"); and Judges Patricia Kelly, Douglas Wallace, and Edward Larose (the "panel judges") affirmed.

In the instant complaint, McBrearty claimed that (1) the circuit court violated the ADA by not informing her about the procedures to get a reasonable accommodation or any grievance procedure available to her; (2) Shinholser violated several of her constitutional rights by refusing to make a reasonable accommodation and denying rehearing; (3) Koji conspired with Shinholser to deny her constitutional rights in violation of section 1983; and (4) the appeals court and panel judges violated section 1983 by affirming the denial of rehearing and failing to inform her about a grievance procedure for the denial of reasonable accommodation.

The district court granted motions to dismiss by Koji, Shinholser, and the circuit court for these reasons: (1) the circuit court had no control over the manner

3

in which Shinholser conducted his proceedings; (2) Shinholser was entitled to judicial immunity; and (3) Koji was a private person, and no sufficient allegation of conspiracy existed to make him liable under section 1983. The district court sua sponte dismissed the appeals court and the panel judges because McBrearty's claims against them were frivolous and vexatious: the panel judges were entitled to judicial immunity. We review de novo the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Mills v. Foremost Ins. Co., 511 F.3d 1300, 1303 (11th Cir. 2008).[1]

McBrearty argues that Shinholser was unentitled to immunity because his acts were undertaken in an administrative capacity.[2] We disagree. Judges are entitled to absolute judicial immunity from damages under section 1983 for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction. Mireles v. Waco, 112 S.Ct. 286, 288 (1991). A judge does not act in the "clear absence of all jurisdiction" when he acts

---

[1]And we have also reviewed de novo sua sponte dismissals for failure to state a claim pursuant to Rule 12(b)(6). See Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007).

[2]McBrearty also argues that Shinholser violated substantive provisions of the ADA about providing reasonable accommodation. But we decline to address these arguments because McBrearty did not raise them in the district court. See Chapman v. AI Transport, 229 F.3d 1012, 1032 (11th Cir. 2000). She, instead, argued that Shinholser's denial of an accommodation for her hearing violated section 1983.

4

erroneously, maliciously, or in excess of his authority, but instead, only when he acts without subject-matter jurisdiction. Dykes v. Hosemann, 776 F.2d 942, 947-48 (11th Cir. 1985).

Here, nothing indicates that Shinholser lacked subject-matter jurisdiction over McBrearty's breach-of-contract case. And the acts McBrearty challenges -- the denial of her request to appear at the summary judgment hearing by phone and the denial of her motion for rehearing -- were undertaken as part of McBrearty's ongoing case before Shinsholser. Although McBrearty characterizes these acts as administrative, they plainly were judicial functions. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005) (explaining that acts constituting normal judicial functions, events occurring in the judge's chambers or in open court, and acts about cases pending before the judge are taken in a judicial capacity).[3]

We also reject McBrearty's argument that she sufficiently alleged a conspiracy between Koji and Shinholser.[4] A private citizen -- like Koji -- cannot be liable under section 1983 unless he is shown to have conspired with one or more

_____

[3]We agree with the district court that Shinholser's decisions in McBrearty's case are not attributable to the circuit court. She argues that the circuit court had a duty to advise her of her rights under the ADA; but she did not allege that the court denied her a reasonable accommodation. Therefore, she did not allege that the court itself denied her services or otherwise discriminated against her. See 42 U.S.C. § 12132.

[4]To the extent McBrearty argues on appeal that Koji is liable under the ADA because he retaliated against her, she did not present this claim to the district court; and we will not consider it. See Chapman, 229 F.3d at 1032.

5

state actors. Rowe v. City of Ft. Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002). McBrearty's conspiracy allegations against Koji consisted of his serving as opposing counsel in a summary judgment hearing where she was not present, and, then, later opposing her request for a rehearing and opposing her appeal. These normal functions of opposing counsel do not evidence that Koji reached an understanding with Shinholser to deprive McBrearty of her constitutional rights. See NAACP v. Hunt, 891 F.2d 1555, 1563 (11th Cir. 1990) (to establish a conspiracy, a plaintiff must show that the parties reached an understanding to deny the plaintiff his rights); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) (to state a claim for relief, a plaintiff must state more than mere vague and conclusory allegations that a conspiracy existed).

And we discern no reversible error in the district court's dismissal of the appeals court and the panel judges because the claims against them were frivolous.[5] McBrearty's allegations against these parties stem from the appellate court's rulings and acts in her appeal of her breach-of-contract case. But the panel judges were entitled to judicial immunity because these acts constituted normal judicial

_____

[5]The district court sua sponte dismissed these parties without providing McBrearty notice of its intent to do so. See Martinez, 480 F.3d at 1057 (prohibiting sua sponte dismissals when certain procedural safeguards are not afforded to the plaintiff). But we can affirm on any ground supported by the record. Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1256 (11th Cir. 2001) (where it is unclear that the district court's dismissal was legally correct, we can affirm "on any ground that finds support in the record"). As noted above, the district court's frivolity ruling is without error. See 28 U.S.C. § 1915(e)(2)(B).

functions, including presiding over an appeal and conducting oral argument. See Sibley, 437 F.3d at 1070. And the appeals court has Eleventh Amendment immunity from McBrearty's section 1983 claim. See Will v. Mich. Dep't of State Police, 109 S.Ct. 2304, 2310 (1989) (Congress has not abrogated immunity for claims brought pursuant to section 1983); Kaimowitz v. Florida Bar, 996 F.2d 1151, 1155 (11th Cir. 1993) (actions against state courts are barred by the Eleventh Amendment).

AFFIRMED.