[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 28, 2010
JOHN LEY
CLERK

No. 10-12459
Non-Argument Calendar
_____

D.C. Docket No. 2:08-cv-00308-JES-SPC

ANNA L. BROWN,

Plaintiff - Appellant,

versus

THE FLORIDA BAR,
THE SUPREME COURT OF FLORIDA,
R. FRED LEWIS,
CHARLES T. WELLS,
HARRY LEE ANSTEAD, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 28, 2010)

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Anna L. Brown appeals the district court's denial of her claim that the Florida courts' requirement that practicing attorneys be members of the Florida Bar violates her Freedom of Association and her Equal Protection Rights. But Brown concedes that Circuit precedent forecloses her suit, see Kaimowitz v. The Florida Bar, 996 F.2d 1151 (11th Cir. 1993), and she presents no compelling reason for overturning Kaimowitz's holding that mandatory bar membership does not violate the Constitution. See also Keller v. State Bar of California, 496 U.S. 1, 14 (1990) (upholding over First Amendment challenge mandatory Bar dues so long as their use was limited to furthering the goals of "regulating the legal profession or improving the quality of legal services"); Railway Employees' Dep't v. Hanson, 351 U.S. 225, 238 (1956) (upholding compelled union membership as "no more an infringement or impairment of First Amendment rights than there would be in the case of a lawyer who by state law is required to be a member of an integrated bar"). Thus, the court did not err in dismissing her suit.[1] Nor did the court err in concluding a trial judge's membership in the Florida Bar did not require recusal.

AFFIRMED.

---

[1] Having rejected the appeal on the merits, and no Judge in active service having requested that the court be polled on hearing the case en banc, we deny the Petition for Hearing En Banc as moot.