[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11041
Non-Argument Calendar

_____

D.C. Docket No. 4:16-cv-00211-HLM

KENNEDY N. OMANWA,

Plaintiff-Appellant,

versus

CATOOSA COUNTY, GEORGIA,
RICK QUARLES,
Individually and in his official capacity as the Catoosa County Building Inspector,
GARY SISK,
Individually and in his official capacity as the Catoosa County Chief Sheriff,

Defendants-Appellees,

NATHAN DEAL,
In his official capacity as the governor of the State of Georgia, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 11, 2017)

Before TJOFLAT, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Kennedy Omanwa, proceeding pro se, appeals from the district court's dismissal of his civil rights case against Catoosa County, Georgia and two county officials (collectively, the "Catoosa Defendants"); and Governor Nathan Deal, the Commissioner of the Georgia Department of Community Health ("DCH"), and the Director of the in-home healthcare program within the Georgia Healthcare Facility Regulation Division (collectively, the "Georgia Defendants").  Early in the case, the district court granted the Georgia Defendants' motion to dismiss, holding that (1) Omanwa's claims were barred by the applicable two-year statute of limitations, and (2) the Georgia Defendants were protected by Eleventh Amendment immunity. The district court, upon the Catoosa Defendants' motion, also ordered Omanwa to re-plead his complaint, concluding that it violated Federal Rules of Civil Procedure 8(a)(2) and 10 and was an impermissible "shotgun pleading."

In response, Omanwa filed an amended complaint against the Catoosa Defendants, and several additional fictitious defendants.  The district court then granted the Catoosa Defendants' motion to dismiss because (1) Omanwa had failed to comply with its order to re-plead, (2) the complaint again violated Rules 8(a)(2) and 10, (3) most of Omanwa's claims were untimely under Georgia's two-year statute of limitations, and (4) the remaining claims failed to state a claim for relief.

2

The district court also <u>sua sponte</u> dismissed Omanwa's claims against the fictitious parties, concluding that this kind of pleading is not permitted in federal court.

In this appeal, Omanwa challenges: (1) the order dismissing the Georgia Defendants, arguing that (a) his claims were not untimely, (b) the district court erred in applying the Eleventh Amendment, and (c) he should have been granted an opportunity to amend the complaint; and (2) the order dismissing the rest of the action with prejudice, arguing that (a) the district court erred in dismissing for failure to comply with a court order and Federal Rules of Civil Procedure 8(a)(2) and 10, (b) the continuing violation and tolling doctrines applied and overcame the two-year statute of limitations, (c) the district court erred to the extent it dismissed the remaining claims for failure to state a claim, and (d) the district court erred in dismissing his claims against the fictitious parties. After careful review, we affirm.

We review the application of statute-of-limitations and immunity doctrines <u>de novo</u>. <u>Berman v. Blount Parrish & Co.</u>, 525 F.3d 1057, 1058 (11th Cir. 2008); <u>In re Emp't Discrimination Litig. Against State of Ala.</u>, 198 F.3d 1305, 1310 (11th Cir. 1999); <u>Danner Const. Co. v. Hillsborough Cty., Fla.</u>, 608 F.3d 809, 812–13 (11th Cir. 2010). We review dismissals for failure to comply with Federal Rules of Civil Procedure 8(a)(2), 10(b), and 41(b) for abuse of discretion. <u>Weiland v. Palm Beach Cty. Sheriff's Office</u>, 792 F.3d 1313, 1320 (11th Cir. 2015); <u>Goforth v. Owens</u>, 766 F.2d 1533, 1535 (11th Cir. 1985). We review dismissals under Rule

12(b)(6), however, de novo. Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007).

First, we are unpersuaded by Omanwa's argument that the district court erred in dismissing his claims against the Georgia Defendants. Claims under 42 U.S.C. § 1983 "are governed by the forum state's residual personal injury statute of limitations," which in Georgia is two years. City of Hialeah v. Rojas, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002); Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). Importantly, on this point, we have held that § 1983 "contains the sole cause of action against state actors for violations of § 1981." Butts v. County of Volusia, 222 F.3d 891, 892 (11th Cir. 2002). Similarly, we've held that Georgia's two-year statute of limitations applies to claims under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). As for any state law claims, we look to the applicable state statute of limitations governing the claim. Cambridge Mut. Fire Ins. Co. v. City of Claxton, Ga., 720 F.2d 1230, 1232-33 (11th Cir. 1983). A claim for intentional infliction of emotional distress under Georgia law, for example, is subject to a two-year limitations period. Mears v. Gulfstream Aerospace Corp., 484 S.E.2d 659, 663 (Ga. Ct. App. 1997) (citing O.C.G.A. § 9-3-33).

Although we generally look to state law to determine the applicable statute of limitations, federal law determines when the period begins to run. Lovett, 327

4

F.3d at 1182.   We have held that the statute of limitations begins to run when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (quotations and alterations omitted).  The cause of action accrues even through the full extent of the injury may not then be known or predictable.  Wallace v. Kato, 549 U.S. 384, 391 (2007).

When a statute of limitations bars a claim, however, the "continuing violation" doctrine may allow a plaintiff to bring that claim if additional violations of law occurred within the statutory period.  Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1221 (11th Cir. 2001).  "The critical distinction in the continuing violation analysis . . . is whether the plaintiff[] complain[s] of the present consequence of a one time [sic] violation, which does not extend the limitations period, or the continuation of that violation into the present, which does." Lovett, 327 F.3d at 1183.  The doctrine of equitable tolling also may extend the statute of limitations if "extraordinary circumstances" prevented a plaintiff from filing within the statutory window.  Arce v. Garcia, 434 F.3d 1254, 1261 (11th Cir. 2006). Equitable tolling is sparingly applied and is only proper where the "extraordinary circumstances" are beyond the plaintiff's control and unavoidable even with diligence.  Id.  The plaintiff bears the burden of showing these circumstances.  Id.

5

The Eleventh Amendment prohibits federal courts from exercising subject matter jurisdiction over a lawsuit against a state. Abusaid v. Hillsborough Cty. Bd. of Cty. Comm'rs, 405 F.3d 1298, 1302–03 (11th Cir. 2005). The Amendment applies even when a state is not expressly named as a party, if for all practical purposes the action is against the state. Kaimowitz v. The Florida Bar, 996 F.2d 1151, 1155 (11th Cir. 1993). Eleventh Amendment immunity extends to state agencies and other "arms of the state." Id. It also extends to individual defendants acting as agents, officials, or officers of the state or an arm of that state. Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003). We've previously held that the Georgia DCH is an arm of the state entitled to Eleventh Amendment immunity. McClendon v. Ga. Dep't of Comm. Health, 261 F.3d 1252, 1259 (11th Cir. 2001).[1]

Ex parte Young, 209 U.S. 123 (1908), provides an exception to the Eleventh Amendment for "suits against state officers seeking prospective equitable relief to end continuing violations of federal law." Florida Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs., 225 F.3d 1208, 1219 (11th Cir. 2000) (citation omitted). Ex parte Young's doctrine is only available when the plaintiff seeks prospective injunctive relief. Id. It does not apply, however, when a federal law has been violated at one time or over a period of time in the past. Id.

---

[1] The Georgia Healthcare Facility Regulation Division, which includes the in-home healthcare program, is a department within the DCH.

6

A plaintiff may not use the doctrine to adjudicate the legality of past conduct. Summit Med. Assocs., P.C. v. Pryor, 180 F.3d 1326, 1337 (11th Cir. 1999).

We've held that a pro se plaintiff must "be given at least one chance to amend the complaint before the district court dismisses the action with prejudice," when a more carefully drafted complaint might state a claim. Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc). This is true even if the plaintiff seeks leave after the district court renders final judgment. Id. The court need not provide that opportunity, however, if a more carefully drafted complaint could not state a claim and would therefore be futile. Id. If the issue of futility is close, we err on the side of the plaintiff. O'Halloran v. First Union Nat'l Bank of Fla., 350 F.3d 1197, 1206 (11th Cir. 2003).

As a general rule, we will not consider an issue raised for the first time on appeal. Juris v. Inamed Corp., 685 F.3d 1294, 1325 (11th Cir. 2012). Thus, "if a party hopes to preserve a claim, argument, theory, or defense on appeal, she must first clearly present it to the district court . . . in such a way as to afford the district court an opportunity to recognize and rule on it." Id. (quotation omitted).

Here, the district court properly held that all of Omanwa's claims against the Georgia Defendants were barred by Georgia's two-year statute of limitations. Omanwa initiated this action in July 2016, but because the complaint alleged

7

violations (against the Georgia Defendants) occurring in or before June 2013, the limitations period, which applied to all of Omanwa's claims, expired in June 2015. See, e.g., Lovett, 327 F.3d at 1182 (§ 1983); Rozar, 85 F.3d at 561 (Title VI); Mears, 484 S.E.2d at 664 (Georgia intentional infliction of emotional distress). All the alleged incidents also involved discrete occurrences -- including, for example, unlawful searches in September 2012 and June 2013 -- and the facts supporting a cause of action would have been apparent to a person of reasonable diligence when they occurred. Mullinax, 817 F.2d at 716. And, to the extent Omanwa suffered damages in the winter of 2015 stemming from pre-June 2013 inactions (which were, in any event, attributable to the Catoosa Defendants), that does not make the claims timely, since these were simply effects stemming from conduct that should have put Omanwa on notice that a claim was available. Wallace, 549 U.S. at 391.

Nor is there any basis to Omanwa's "continuing violation" and equitable tolling arguments. His untimely claims stemmed from discrete, one-time violations, and the fact that he may continue to feel their effects does not extend the statute of limitations. See Lovett, 327 F.3d at 1183. As for any claim to equitable tolling, Omanwa has failed to allege any facts suggesting that "extraordinary circumstances" prevented him, in the exercise of diligence, from filing a timely complaint. Arce, 434 F.3d at 1261. Accordingly, the district court did not err in dismissing the claims against the Georgia Defendants as untimely.

Moreover, the district court also properly concluded that the Georgia Defendants were entitled to Eleventh Amendment immunity. All of these defendants were either the state, arms of the state, or officers of arms of the state, and they therefore fell under the Amendment's umbrella. Kaimowitz, 996 F.2d at 1155; Manders, 338 F.3d at 1308; McClendon, 261 F.3d at 1259. Further, Omanwa's complaint, and the memorandum filed thereafter, requested relief concerning the legality of past conduct. The Ex Parte Young exception simply does not apply to these claims. Summit Med. Assocs., P.C., 180 F.3d at 1337.

As for Omanwa's opportunity to amend, he did not preserve the argument. As the record shows, he never moved or otherwise requested the district court to grant him leave to amend, either in opposition to the Georgia Defendants' motion or after the district court dismissed them from the case. But even assuming arguendo that he had, the district court properly dismissed the case on statute-of-limitations and Eleventh Amendment grounds, as we've already held. Any attempt to amend the complaint would therefore be futile, and leave to amend is unnecessary. Bank, 928 F.2d at 1112. Accordingly, the district court did not err in dismissing Omanwa's claims against the Georgia Defendants.

We also are unconvinced by Omanwa's argument that the district court erred by dismissing his complaint against the remaining defendants. Under Rule 8(a)(2),

9

a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under Rule 10:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence -- and each defense other than a denial -- must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).  A complaint that violates either Rule 8(a)(2) or Rule 10(b), or both, is often referred to as a "shotgun pleading."  Weiland, 792 F.3d at 1320.

We have previously identified multiple types of shotgun pleadings.  See Weiland, 792 F.3d at 1321-23.  The "unifying characteristic" of all shotgun pleadings is that they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  Id. at 1323.  A dismissal of a shotgun complaint under Rules 8(a)(2) and 10(b) is appropriate where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."  Id. at 1325 (quotation and emphasis omitted).  The district court's inherent authority to control its docket and ensure the prompt resolution of lawsuits will, in some circumstances, include the power to dismiss a complaint for failure to comply with Rule 8(a)(2) and Rule 10(b).  Id. at 1320.

Federal Rule of Civil Procedure 41(b) further allows a district court to dismiss an action if the plaintiff fails to comply with the Rules.  Goforth, 766 F.2d at 1535.  We will not assume, however, that the district court was acting under

Rule 41(b) unless it cites the Rule and makes the findings required to justify dismissal under that provision. Weiland, 792 F.3d at 1320.

Rule 12(b)(6) allows the district court to dismiss a pleading for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss a complaint for failure to state a claim for relief, a district court must accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. Starship Enters. of Atlanta, Inc. v. Coweta Cnty., 708 F.3d 1243, 1252 (11th Cir. 2013). Courts are not required, however, to accept bare legal conclusions supported by mere conclusory statements. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must do more than simply offer labels or a formulaic recitation of the elements of a cause of action. Id. Absent further factual enhancement, naked assertions that the defendant acted unlawfully will not state a claim for relief. Id.

As a general matter, fictitious-party pleading is not permitted in federal court. Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010). There is an exception to this rule, however, where the plaintiff's description of the defendant is so specific as to be "at the very worst, surplusage." Id. (quotation omitted).

In this case, the district court did not abuse its discretion in dismissing, with prejudice, Omanwa's amended complaint for failure to comply with Rules 8(a)(2)

11

and 10(b). The amended complaint was rife with conclusory allegations of, for example, "deliberate indifference" and "unwritten policies" resulting in unlawful conduct. Also, the amended complaint incorporated portions of the earlier complaint, and each count incorporated the previous allegations in their entirety. In short, it was "virtually impossible to know which allegations of fact [were] intended to support which claim(s) for relief." Weiland, 992 F.3d at 1325.

Nor, for similar reasons, did the district court abuse its discretion in dismissing the amended complaint for failure to comply with a court order. We've expressly held that a dismissal of a shotgun pleading may be within the district court's inherent authority to control its docket and ensure the prompt resolution of lawsuits. Id. at 1320. Rule 41 also allows a court to dismiss an action if a party fails to comply with a court order, which is precisely what the district court warned Omanwa it would do if he failed to file an adequate amended complaint. Fed. R. Civ. P. 41(b); see also Goforth, 766 F2d at 1535. Accordingly, the district court did not abuse its discretion in dismissing the complaint for failure to comply with a court order, and for the violations of Rules 8(a)(2) and 10.[2]

---

[2] Although Omanwa claims he should have been given an opportunity to amend and the district court should have liberally construed his pleadings, his opportunity to amend had already come and gone; he failed to cure the deficiencies after being put on notice of their existence; and despite the fact that pro se complaints are to be liberally construed, they are still required to conform with procedural rules governing the proper form of pleadings. See McNeil v. United States, 508 U.S. 106, 113 (1993); Bryant v. Dupree, 252 F.3d 1161, 1163-64 (11th Cir. 2001).

12

In any event, as we've already discussed, almost all of Omanwa's claims accrued in or prior to March 2014. As a result, this action, originally filed in July 2016, was untimely as to all claims save any stemming from conduct in September and December of 2014. And, again, the continuing violation and equitable tolling doctrines did not apply to these claims. As for the allegations from late 2014, because Omanwa failed to comply with Rules 8(a)(2) and 10, it is difficult to determine which claims he is asserting in connection with these allegations. The district court also properly concluded, moreover, that Omanwa's conclusory allegations failed to state a claim under Rule 12(b)(6). See Iqbal, 556 U.S. at 678.

Finally, the district court properly dismissed Omanwa's claims against the fictitious defendants. As we've said, this kind of pleading generally is not permitted in federal court, and Omanwa's descriptions were not sufficient to identify the defendants. Richardson, 598 F.3d at 738.

Accordingly, the district court did not err in dismissing Omanwa's complaint with prejudice, and we affirm.[3]

**AFFIRMED.**

---

[3] We decline to consider Omanwa's remaining assertions of error; because the district court properly dismissed the action, any error in, for example, denying discovery or declining to issue a preliminary injunction would be harmless. See Fed. R. Civ. P. 61; Furcron v. Mail Centers Plus, LLC, 843 F.3d 1295, 1304 (11th Cir. 2016) (noting that "harmless errors" do not warrant reversal).

13