[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-13272
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cv-22135-RS

ANNE GEORGES TELASCO,

                                                        Plaintiff-Appellant,

versus

THE FLORIDA BAR,
an unincorporated association,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 28, 2021)

Before JORDAN, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Anne Georges Telasco appeals the district court's order dismissing her defamation suit against the Florida Bar. The district court concluded that Telasco's complaint was barred by Eleventh Amendment sovereign immunity because the bar is an official arm of the state. We reach the same conclusion and affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Telasco became a member of the bar in 1992 and started her own firm. Two years later, she brought an employment discrimination case against a hotel chain on behalf of eight employees. The case settled for $300,000. In November 1999, a bar complaint was filed against Telasco related to settlement payments from this case. The bar opened an investigation into Telasco and audited her finances.

Telasco, through counsel, reached a settlement with the bar whereby she would petition the Florida Supreme Court for a disciplinary resignation. Rather than sign the petition for resignation prepared by her counsel, however, Telasco authored and submitted her own petition. But she did not seek or obtain permission from the Florida Supreme Court to resign her bar membership. The disciplinary proceedings against her therefore continued and Telasco did not appear for the final hearing before the bar referee. According to Telasco, she never received notice that her pro se petition for resignation was defective and never received notice of the ongoing disciplinary proceedings.

2

In April 2002, the referee issued a report finding that Telasco had engaged in misappropriation, failed to maintain trust accounting records, and failed to adhere to required trust accounting procedures. The referee recommended her disbarment. In July 2002, the Florida Supreme Court adopted the referee's report and disbarred Telasco.

Telasco moved to New York. In 2008, she decided to apply for admission to the New York Bar. Telasco requested from the Florida Bar a letter of good standing and a grievance letter. The bar declined to give her a letter of good standing and sent her a grievance letter, which laid out her disciplinary history and indicated that she had been disbarred. Telasco then challenged her 2002 disbarment by filing a petition for a writ of certiorari to the United States Supreme Court, which was denied.

In 2018, Telasco again decided to apply for admission to the New York Bar. She requested from the Florida Bar another grievance letter and a letter of good standing. The bar sent Telasco a grievance letter, which was identical to the letter it had sent her in 2008.

Telasco sued the bar in federal court, bringing claims for defamation per se, general defamation, and defamation by implication. She alleged that the bar's 2018 grievance letter had defamed her. Telasco maintained that the bar was liable for her

3

damages under Florida Statutes section 768.28(9)(a) because it had acted maliciously and in bad faith.

The bar moved to dismiss Telasco's complaint, arguing that it was entitled to Eleventh Amendment sovereign immunity because it was a state agency and had not consented to being sued in federal court.

Telasco filed a response in opposition to the bar's motion. She conceded that the bar was a "state agency" but argued that section 768.28 authorized her suit. Florida waived its sovereign immunity by enacting this statute, Telasco argued, which allowed her suit to proceed because the bar had acted outside the scope of its authority when it defamed her.

The district court granted the bar's motion to dismiss. The district court concluded that the bar was entitled to sovereign immunity because it was an official arm of the Florida Supreme Court. The district court rejected Telasco's argument that Florida had waived sovereign immunity through its enactment of section 768.28, concluding that the state's waiver of sovereign immunity in its own courts did not amount to a waiver of its Eleventh Amendment immunity in federal courts. Telasco now appeals the district court's order dismissing her complaint.

**STANDARD OF REVIEW**

We review de novo a district court's order dismissing a complaint based on a grant of Eleventh Amendment sovereign immunity. In re Emp. Discrimination Litig. Against State of Ala., 198 F.3d 1305, 1310 (11th Cir. 1999).

**DISCUSSION**

"The Eleventh Amendment of the United States Constitution bars suits against states in federal court unless a state has waived its sovereign immunity or Congress has abrogated it." Cassady v. Hall, 892 F.3d 1150, 1152 (11th Cir. 2018). This prohibition "includes state agencies and other arms of the state." Id. at 1153. Although a state "may consent to suit against it in federal court," consent must be "unequivocally expressed." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984). Florida has waived its sovereign immunity in its own courts for certain torts, Fla. Stat. § 768.28(1), but has not waived its immunity to suit in federal court, id. § 768.28(18) ("No provision of this section . . . shall be construed to waive the immunity of the state or any of its agencies from suit in federal court, as such immunity is guaranteed by the Eleventh Amendment . . . .").

The Florida Supreme Court is a state agency for sovereign immunity purposes. See Uberoi v. Sup. Ct. of Fla., 819 F.3d 1311, 1313–14 (11th Cir. 2016) ("Sovereign immunity bars Uberoi's due process claim because the Florida Supreme Court is a department of the State of Florida."). The bar is an "official arm" of the

5

Florida Supreme Court and is also shielded by sovereign immunity. Kaimowitz v. Fla. Bar, 996 F.2d 1151, 1155 (11th Cir. 1993); see also Nichols v. Ala. State Bar, 815 F.3d 726, 732 (11th Cir. 2016) (observing that we have "previously concluded that the Florida State Bar is an 'arm of the State' that enjoys Eleventh Amendment immunity," and holding that "the Alabama State Bar is an arm of the state of Alabama and thus enjoys Eleventh Amendment immunity"). Here, the bar did not consent to Telasco's suit against it. The district court therefore correctly concluded that the bar was entitled to sovereign immunity.

Telasco maintains that the bar was not entitled to sovereign immunity because she has a First Amendment right to petition the federal courts to redress her grievances. But she raises this argument for the first time on appeal. "As a general rule, an issue raised for the first time on appeal will not be considered." In re Dukes, 909 F.3d 1306, 1322 (11th Cir. 2018) (quotation omitted). And, in any event, this argument is foreclosed by our precedent. See Kaimowitz, 996 F.2d at 1155; Cate v. Oldham, 707 F.2d 1176, 1180–83 (11th Cir. 1983) (applying Eleventh Amendment sovereign immunity to a First Amendment Petition Clause claim).

Telasco next argues that the bar waived its immunity two decades ago when it started the disbarment proceedings. But the state disbarment case against her and her federal suit against the bar are two entirely separate proceedings. Because

6

Telasco—not the bar—commenced the litigation in federal court, her suit could not proceed without the bar's consent.  See Pennhurst State, 465 U.S. at 99.

In sum, the bar is an official arm of the state and did not commence or consent to these proceedings.  Telasco's suit therefore could not be heard in federal court.[1]

**AFFIRMED.**

---

[1] Because we conclude that the bar was entitled to sovereign immunity, we do not address its alternative arguments that dismissal was appropriate because:  (1) it was entitled to absolute immunity; (2) the district court lacked jurisdiction under the Rooker-Feldman doctrine; and (3) Telasco's complaint failed to state a claim.