**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-11213

Non-Argument Calendar

————————————

ROBERT WALKER,

    individually and on behalf of himself,

*Plaintiff-Appellant,*

*versus*

BRETT MICHAEL WARONICKI,

    in his individual capacity,

JANET CARNEY CROOM,

    in her individual capacity,

BARBARA W. BRONIS,

    in her individual capacity,

HONORABLE JEFFREY T. KUNTZ,

    in his individual capacity,

HONORABLE SPENCER D LEVINE,

    in his individual capacity, et al.,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:24-cv-14353-KMM

_____

Before ABUDU, KIDD, and WILSON, Circuit Judges.

PER CURIAM:

Robert Walker, proceeding *pro se*, appeals the district court's dismissal of his civil suit, which raised claims against a law firm—Hinden, McLean, & Arbeiter, P.A. ("Hinden")—seven Florida state court judges, the Florida Fourth District Court of Appeals, and the Florida Bar. After careful review, we affirm, but we remand for the limited purpose of clarifying that the jurisdictional dismissals were entered without prejudice. We write only for the parties, so we omit a lengthy recitation of the facts.

## I. STANDARDS OF REVIEW

Summary disposition is appropriate in situations where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

_____

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), this Court adopted as binding precedent all decisions, like *Groendyke Transport*, which were issued by the former Fifth Circuit prior to close of business on September 30, 1981.

We review the dismissal of a complaint for failure to state a claim *de novo*. *Watts v. Joggers Run Prop. Owners Ass'n, Inc.*, 133 F.4th 1032, 1038–39 (11th Cir. 2025). We review issues regarding recusal only for abuse of discretion. *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004). The abuse of discretion standard is deferential; it "allows for a 'range of choice for the district court,' as long as that choice is not a 'clear error of judgment.'" *United States v. Beaufils*, 160 F.4th 1147, 1163 (11th Cir. 2025) (quoting *Rasbury v. IRS (In re Rasbury)*, 24 F.3d 159, 168 (11th Cir. 1994)).

We construe *pro se* pleadings and briefs liberally. *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986); *see also Parrott v. Neway (In re: Parrott)*, 118 F.4th 1357, 1363 n.2 (11th Cir. 2024) ("[P]leadings filed by *pro se* litigants are held to a less stringent standard than counseled pleadings and are liberally construed."). However, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned," *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008), and we do not address abandoned issues absent exceptional circumstances, *see United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (*en banc*). An appellant can also abandon a claim by making "only passing references to it" in his initial brief or by "rais[ing] it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins., Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

## II. DISCUSSION

In his brief on appeal, Walker makes essentially two arguments: (1) the district judge and magistrate judge in this case should

have recused themselves; and (2) his suit should not have been dismissed. Several of the appellees have moved for summary affirmance and some have filed response briefs. We address the relevant issues in turn.[2]

### A.  Recusal

We first address Walker's contention that the district judge and magistrate judge should have recused themselves. As a general matter, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Instead, "bias 'must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties.'" *Berger*, 375 F.3d at 1227 (quoting *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999)). "[A] judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Id.* (quoting *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986)). Liberally construing his brief, Walker's argument is that the judges assigned to his case should have recused because of their rulings in the case. Under our precedent, adverse rulings such as this do not show that recusal was warranted or appropriate. *Liteky*, 510 U.S. at 555; *Greenough*, 782 F.2d at 1558; *In re Equifax Inc.*

---

[2] As a threshold matter, Walker's initial brief argues that we should summarily reverse the district court's judgment. However, for the reasons we explain throughout this opinion, Walker has not shown reversible error, let alone that he is "clearly right as a matter of law." *Groendyke Transp.*, 406 F.2d at 1161–62. Accordingly, we deny Walker's request for summary reversal.

*Customer Data Security Breach Litig.*, 999 F.3d 1247, 1272 (11th Cir. 2021). Therefore, we affirm on this issue.

### B. Hinden's Motion for Summary Affirmance

In Hinden's motion for summary affirmance, Hinden argues Walker has not preserved any challenge against it because his initial brief "barely references" it and "fails to address or counter the district court's" reasons for dismissing the claims against it. It also argues Walker's claims against it under 42 U.S.C. § 1983 fail because it is not a state actor. The latter argument is clearly right as a matter of law, so we need not address the preservation issue. *Groendyke Transp.*, 406 F.2d at 1162.

"Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). One way these "rare circumstances" can arise is when a private party is "given powers (or perform functions) that are 'traditionally the *exclusive* prerogative of the State.'" *Id.* at 1130–31 (emphasis in original) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 353 (1974)). Another way a private party can be considered a state actor arises "where the government has 'so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise.'" *Id.* at 1131 (quoting *Nat'l Broad. Co. Inc. v. Commc'ns Workers of Am., ALF-CIO*, 860 F.2d 1022, 1026 (11th Cir. 1988)). A final circumstance we have recognized occurs when the state compels or encourages certain action by the private party. *Id.* at 1130–31.

Liberally reviewing Walker's complaint and his contentions on appeal, Walker's position is that there were forged signatures—not signed by Hinden but by two of Hinden's clients—used in a refinanced loan and mortgage of his home, which is related to his broader contention that counterfeit documents were used to seize his home.  Taking these allegations as true, they do not suggest that Hinden was performing functions traditionally the exclusive prerogative of the state, that the state was so interdependent on Hinden that it was a joint participant in this scheme, or that the state compelled or encouraged the action that Hinden allegedly undertook.  *See Harvey*, 949 F.2d at 1130–31; *Jackson*, 419 U.S. at 353; *Nat'l Broad. Co.*, 860 F.2d at 1026.  Accordingly, we grant Hinden's motion for summary affirmance.  *Groendyke Transp.*, 406 F.2d at 1162.

### C.  State Court Judges and Fourth District Court of Appeals' Motion for Summary Affirmance

The seven individually named state court judges and Florida's Fourth District Court of Appeals also move for summary affirmance.  The judges argue that the district court was clearly correct in dismissing Walker's suit against them based on the doctrine of absolute judicial immunity.  They also argue that the district court correctly dismissed the Fourth District Court of Appeals as it was immune under the Eleventh Amendment.  Summary affirmance is warranted on both of these issues.

First, "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their

judicial capacity unless they acted in the clear absence of all juris-diction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (quot-ing *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)). "This im-munity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* (quoting *Bolin*, 225 F.3d at 1239). Whether a judge is acting in his or her judicial capacity depends on several factors, namely "whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the contro-versy involved a case pending before the judge; and (4) the con-frontation arose immediately out of a visit to the judge in his judi-cial capacity." *Id.*

The record shows that Walker's claims against the state court judges relate to various rulings in his state court proceedings involving his mortgage, as well as the imposition of sanctions against him. Even if Walker is correct that some—or all—of these rulings were erroneous, the judges were plainly performing judicial acts when they ruled on the cases brought before them. *See id.* Walker has not plausibly alleged that the judges acted "in the clear absence of all jurisdiction" by ruling on the cases brought before them. *See id.*; *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Therefore, the state court judges are clearly right as a matter of law that they are entitled to judicial immunity, so the district court did not err in dismissing those claims for that reason. *Groendyke Transp.*, 406 F.2d at 1162.

Second, the Fourth District Court of Appeals is entitled to sovereign immunity as an arm of the State. "A State's immunity from suit is a 'fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today.'" *Galette v. New Jersey Transit Corp.*, 146 S. Ct. 854, 865 (2026) (quoting *Alden v. Maine*, 527 U.S. 706, 713 (1999)). While state sovereign immunity protects the state and arms of the state, "[i]t does not extend to 'lesser entities,' such as 'municipal corporation[s] or other governmental entit[ies]' that are not arm[s] of the state.'" *Id.* (alterations in original) (quoting *Alden*, 527 U.S. at 756). We have already held that suits brought against Florida state courts are barred by sovereign immunity because state courts are "department[s] of the State of Florida." *Uberoi v. Supreme Court of Fla.*, 819 F.3d 1311, 1314 (11th Cir. 2016); *see also Kaimowitz v. Fla. Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993) ("The Eleventh Amendment prohibits actions against *state courts* and state bars." (emphasis added)).[3] We are bound by our prior precedent addressing these issues unless they have been overruled or abrogated by the Supreme Court or by this Court sitting *en banc*. *Griffin v. Coca-Cola Refreshments USA, Inc.*, 989 F.3d 923, 934 (11th Cir. 2021). Walker presents no argument that these cases have been

---

[3] The district court also properly found that the *Ex parte Young* doctrine has no application here because Walker seeks relief against an arm of the state itself (the Fourth District Court of Appeals), not against individual state officer. *See Ex parte Young*, 209 U.S. 123, 163 (1908); *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

abrogated or overruled, nor have we found any authority support-
ing such a position.  *See Timson*, 518 F.3d at 874; *Sapuppo*, 739 F.3d
at 681.

For these reasons, the motion for summary affirmance filed
by the state court judges and the Fourth District Court of Appeals
is well taken—they are "clearly right as a matter of law so that there
can be no substantial question as to the outcome of the case."
*Groendyke Transp.*, 406 F.2d at 1162.

### D.  Dismissal of Claims Against the Florida Bar

The Florida Bar has not moved for summary affirmance but,
in its brief on appeal, it similarly argues that Walker's claims against
it were properly dismissed because it is entitled to Eleventh
Amendment immunity.  We agree.  As noted in the previous sec-
tion, we have already held that "[t]he Eleventh Amendment pro-
hibits actions against state courts *and state bars*."  *Kaimowitz*, 996
F.2d at 1155 (emphasis added).  Indeed, we held as much in a case
involving the Florida Bar, the same state bar named as a party here.
*Id.*  Our precedent in *Kaimowitz* therefore forecloses Walker's posi-
tion here.  *See Griffin*, 989 F.3d at 934.  We affirm on this issue as
well.

### E.  Walker's Other Arguments

Walker's brief makes several other arguments which we do
not discuss at length.[4]  In general, "[t]o obtain reversal of a district

---

[4] *See, e.g.*, *United States v. Paradies*, 98 F.3d 1266, 1277 n.13 (11th Cir. 1997) ("In
addition to the issues discussed in this opinion, the defendants raised other less

court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect." *Sapuppo*, 739 F.3d at 680. Given that Walker has not shown his claims should not have been dismissed for the reasons we have already discussed, we need not and do not discuss his other arguments, which would not change the outcome of this appeal. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (explaining that, generally, "courts . . . are not required to make findings on issues the decision of which is unnecessary to the results they reach").

### F.  Dismissal With or Without Prejudice

While we affirm the district court for the reasons explained and reject Walker's arguments, "[d]ismissals for a lack of jurisdiction are not judgments on the merits and are to be entered without prejudice." *Dupree v. Owens*, 92 F.4th 999, 1007 (11th Cir. 2024). "[S]overeign immunity is jurisdictional in nature." *Id.* (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)). "Because the dismissals" of the Florida Bar and the Fourth District Court of Appeals "were based on sovereign immunity grounds, the jurisdictional nature of the dismissal[s] require[d them] to be entered without prejudice." *Id.* at 1007. Yet, the district court dismissed the whole complaint with prejudice. "We therefore vacate and remand for the limited purpose of allowing the district court to dismiss" the claims barred

---

meritorious ones. We find that those issues do not warrant discussion . . . ."). We also deny Walker's pending motions as moot, in light of the foregoing.

25-11213                Opinion of the Court                11

by sovereign immunity "without prejudice." *Id.* With this caveat, we affirm.

**MOTIONS FOR SUMMARY DISPOSITION GRANTED, AFFIRMED IN PART, VACATED AND REMANDED IN PART WITH INSTRUCTIONS.**