[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 15-13217

————————————————

D.C. No. 0:97-CR-06007-FAM-16

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOEL G. AUDAIN,
a.k.a. New Chief,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(July 24, 2018)

Before ED CARNES, Chief Judge, MARCUS and EBEL,[*] Circuit Judges.

PER CURIAM:

Defendant Joel Audain appeals the district court's decision to deny his motion for a reduced sentence under 18 U.S.C. § 3582(c)(2). Because the district court relied on an improper factual finding to deny § 3582(c)(2) relief, we vacate the district court's decision and remand for further proceedings.

## I. BACKGROUND

In 1998, a jury convicted Audain, a former Immigration and Naturalization Service ("INS") officer, of 1) conspiracy to import cocaine; 2) conspiracy to possess cocaine with the intent to distribute it; 3) conspiracy to launder money; and 4) engaging in monetary transactions in property derived from specified unlawful activity. At sentencing, the district court calculated Audain's base offense to be 38, after finding Audain's criminal conduct involved at least 150 kilograms of cocaine. That was, at that time, the highest base offense available for his drug-trafficking crimes based on type and amount of drugs involved. See U.S.S.G. § 2D1.1(c)(1) (1998). The court increased that base offense level of 38 by two levels after finding Audain had abused a position of trust, and by another two levels because he used a firearm during his drug-trafficking offenses. Important for our purposes here, although the presentence report ("PSR") suggested adding

_____

[*] The Honorable David M. Ebel, Senior United States Circuit Judge for the United States Court of Appeals for the Tenth Circuit, sitting by designation.

2

yet another two levels for obstruction of justice, the district court found at sentencing that that enhancement did not apply to Audain.[1]

The sentencing court thus calculated Audain's total offense level to be 42. Combined with his criminal history category I, that offense level resulted in an advisory range of 360 months to life in prison. The district court imposed concurrent life sentences for each of Audain's two drug-trafficking convictions—at the top of the advisory imprisonment range—because Audain, as a law enforcement officer who abused his position, "deserves a higher punishment" (Doc. 985 at 76-77).[2]

A number of years later, the U.S. Sentencing Commission amended U.S.S.G. § 2D1.1, see U.S.S.G. App. C., Amdt. 782 (effective Nov. 1, 2014), to "reduce[] the base offense level by two levels for most drug offenses," Hughes v. United States, 138 S. Ct. 1765, 1774 (2018). Relevant here, Amendment 782 made offenses involving at least 150 kilograms but less than 450 kilograms of cocaine

---

[1] The PSR recommended the obstruction-of-justice enhancement based on the PSR's assertion that 1) Audain, as an INS officer, used his access to information about ongoing criminal investigations to help his co-defendant escape capture; and 2) transferred money Audain obtained from drug-trafficking to foreign bank accounts and then falsely stated on his U.S. tax returns that he had no foreign bank accounts. Audain objected to both bases for the obstruction-of-justice enhancement, claiming there was no evidence to support either. The district court found the enhancement did not apply, without further explanation.

[2] The district court further sentenced Audain to the statutory maximum twenty years in prison for the money laundering conspiracy conviction and ten years for engaging in the relevant monetary transactions, each of these sentences to run concurrently with each other and with Audain's concurrent life sentences on the drug-trafficking counts. See 18 U.S.C. §§ 1956(a)(1), (h); 1957(a), (b)(1). These sentences are not being challenged on appeal.

subject to a lower base offense of 36, and offenses involving 450 kilograms or more of cocaine to warrant an offense level of 38, still the highest base offense level provided by § 2D1.1(c). This differed, then, from former § 2D1.1(c) as it existed when Audain was sentenced in 1998, when any offense involving more than 150 kilograms of cocaine warranted the highest base offense level, 38.

## II. PROCEDURAL POSTURE

The Sentencing Commission made Amendment 782 retroactive. See U.S. Sentencing Guidelines Manual App. C., Amdt. 788 (effective Nov. 1, 2014); see also U.S.S.G. § 1B1.10(a), (d), (e). Three months later, Audain, acting pro se, sought to reduce his sentence under 18 U.S.C. § 3582(c)(2). After eventually considering arguments from both sides, the district court entered an order, on July 8, 2015, finally denying Audain § 3582(c)(2) relief. In doing so, the district court stated: "Even if the defendant were eligible for a reduction of sentence, the Court in its discretion denies it primarily because of the defendant's status as a law enforcement officer, his abuse of trust and his obstruction of justice." (Doc. 1345.)

Audain timely appealed from that final decision and adequately identified the orders he was challenging on appeal. See Nichols v. Ala. State Bar, 815 F.3d 726, 730-31 (11th Cir. 2016) (per curiam). We have jurisdiction to consider this

4

appeal under 28 U.S.C. § 1291.  This court appointed counsel to represent Audain on appeal.[3]

### III. AUDAIN'S § 3582(c)(2) MOTION FOR A REDUCED SENTENCE

Ordinarily a district court "may not modify a term of imprisonment once it has been imposed[.]"  18 U.S.C. § 3582(c); see also Dillon v. United States, 560 U.S. 817, 819 (2010).  But Congress has provided several limited exceptions, including § 3582(c)(2), which provides that,

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Applying § 3582(c)(2), then, requires a two-part analysis, see Dillon, 560 U.S. at 826-27: First, the court must determine whether application of the amendment actually results in a lower sentencing guideline range for the defendant, thus making him eligible for a reduced sentence.  In making this determination, the sentencing "court shall substitute only the amendments listed in [U.S.S.G. § 1B1.10(d)] for the corresponding guideline provisions that were

---

[3] Both parties, and primarily the Government, make numerous procedural (and occasionally substantive) arguments.  We have considered them all, but do not prolong this unpublished decision to address each of them specifically.  Nonetheless, we conclude none of these arguments have merit.

applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1) (policy statement); see also United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). If the defendant is eligible for a reduced sentence under the amended guideline, then secondly, the court must decide whether a reduced sentence is warranted in that particular case, after considering the 18 U.S.C. § 3553(a) factors and the Guidelines' policy statements. See Hughes, 138 S. Ct. at 1777. This court reviews the district court's resolution of the first inquiry de novo and the second for an abuse of discretion. See United States v. Hamilton¸ 715 F.3d 328, 337 n.8 (11th Cir. 2013).

## A. Eligibility for a reduced sentence

It is Audain's burden to establish that Amendment 782 "actually lowered his guidelines range[.]" Hamilton¸ 715 F.3d at 337. The district court assumed that Audain had met his burden.[4] On appeal, Audain argues that it was error for the district court to make this assumption in his favor. Even if it was error (which we do not need to decide), it did not prejudice Audain because, in any event, the district court went on to step two of the analysis. It was at step two that the court declined to exercise its discretion to reduce his sentence.

## B. The district court abused its discretion in declining to reduce Audain's sentence based on an inaccurate fact

---

[4] On appeal, Audain's counsel contends that Amendment 782 lowered Audain's advisory guideline imprisonment range from 360 months to life down to 292 to 365 months.

6

At the second step, the district court declined to reduce Audain's sentence "primarily because of the defendant's status as a law enforcement officer, his abuse of trust and his obstruction of justice." (Doc. 1345 (emphasis added).) But it was an abuse of discretion for the district court to base its decision in any part on Audain's obstruction of justice because the district court, at Audain's original sentencing, found that the obstruction-of-justice enhancement did not apply. See United States v. Jules, 595 F.3d 1239, 1243 (11th Cir. 2010) (recognizing, in § 3582(c)(2) proceeding, "the due process right not be sentenced on the basis of invalid premises or inaccurate information" (internal quotation marks omitted)).

Because the district court relied on an improper factor in exercising its discretion to decline to reduce Audain's sentence under the second part of the § 3582(c)(2) analysis, we must remand. In the event that the district court determines on remand, at step two and without considering the charge of obstruction of justice, that Audain's sentence should be reduced under § 3582(c)(2), the district court must first make an explicit ruling on whether Audain has satisfied the first part of the § 3582(c)(2) analysis—to wit, whether, "leav[ing] all other guideline application decisions unaffected," U.S.S.G. § 1B1.10(b)(1) (policy statement), Amendment 782 lowered Audain's advisory guideline range, thus, making him at least eligible for a reduced sentence.

7

## IV. CONCLUSION

We, therefore, vacate the district court's decision to deny Audain

§ 3582(c)(2) relief and remand this case for the district court to reconsider whether

a reduced sentence is warranted without erroneously relying on Audain's

obstruction of justice.

**VACATED AND REMANDED.**

8