On September 9, 2004, the Disciplinary Board of the Alabama State Bar ("the Disciplinary Board") denied William David Nichols's petition for reinstatement to the practice of law. He appealed the Disciplinary Board's decision, and on July 15, 2005, the Board of Disciplinary Appeals of the Alabama State Bar denied his appeal. He now appeals the decision of the Board of Disciplinary Appeals.
Rule 28(c), Ala. R. Disc. P., provides, in part:
 "At the hearing [on the petition for reinstatement] the petitioner shall have the burden of demonstrating by clear and convincing evidence that he or she has the moral qualifications to practice law in this State and that his or her resumption of the practice of law within the State will not be detrimental to the integrity and standing of the Bar or the administration of justice, and will not be subversive to the public interest. Proof *Page 399 
of compliance with the provisions of Rule 26 of these Rules shall be a condition precedent to the consideration of a petition for reinstatement."
Rule 5.1(d), Ala. R. Disc. P., establishes the standard of review the Board of Disciplinary Appeals shall apply when reviewing an appeal from a decision of the Disciplinary Board. It provides in pertinent part:
 "When proceedings before the Board of Disciplinary Appeals are conducted, the Board of Disciplinary Appeals shall affirm the decision under review unless it determines that, based on the record as a whole, the findings of fact are clearly erroneous. . . ."
When an attorney who has been suspended from the practice of law appeals a decision of the Board of Disciplinary Appeals to this Court, the standard of review employed by this Court is as follows:
 "We conclude that whether the Board of Appeals properly applied the `clearly erroneous' standard of review to the Disciplinary Board's findings of fact is a question of law. Likewise, all other legal conclusions in the final order of the Board of Appeals present questions of law to us. This Court reviews questions of law de novo. National Ins. Ass'n v. Sockwell, 829 So.2d 111 (Ala. 2002); Moss v. Williams, 822 So.2d 392 (Ala. 2001); and Reed v. Board of Trustees of Alabama State Univ., 778 So.2d 791 (Ala. 2000). Such a de novo review results in this Court's applying the same standard the Board of Appeals applied as to all questions of law, including the application by the Board of Appeals of the `clearly erroneous' standard to the Disciplinary Board's findings of fact."
Tipler v. Alabama State Bar, 866 So.2d 1126, 1137
(Ala. 2003).
In denying Nichols's petition for reinstatement, the Disciplinary Board concluded:
 "The evidence was considered and it is the opinion of the Board that the petitioner failed to meet his burden of demonstrating by clear and convincing evidence that he has the moral qualifications to practice law in this state and that his resumption of the practice of law will not be detrimental to the integrity and standing of the Bar or the administration of justice, and will not be subversive to the public interest."
We conclude that the Disciplinary Board's determination was not clearly erroneous; therefore, we affirm the decision of the Board of Disciplinary Appeals denying Nichols's appeal.
We emphasize that the Disciplinary Board concluded that as of September 9, 2004, Nichols had failed to demonstrate by clear and convincing evidence that he should be reinstated. The Disciplinary Board did not conclude that Nichols should never be reinstated. Nichols may apply for reinstatement annually (Rule 28(h), Ala. R. Disc. P.), and we reach no conclusion as to whether, on a different record, his petition for reinstatement should be granted.
Nichols argues that 42 U.S.C. § 12101 et seq., the Americans with Disabilities Act ("ADA"), is applicable to this case. The Bar concedes the applicability of the ADA to attorney-discipline proceedings in general, but disputes its application to this proceeding. We need not, however, address that question today in the light of the procedural posture of this case. We note that the Bar imposed the suspension against Nichols pursuant to Rule 8, Ala. R. Disc. P., on the basis that he had committed professional misconduct. The Bar did not take any action against Nichols pursuant to Rule 27, Ala. R. Disc. P., the rule that sets forth procedures to be followed for cases involving a lawyer who is mentally *Page 400 
ill, nor did Nichols ever request that he be placed in disability inactive status in accordance with Rule 27. Had this case been handled pursuant to Rule 27, then Rule 27(g), rather than Rule 28, would have governed reinstatement proceedings. Rule 27(g) provides that a lawyer on disability inactive status shall be reinstated to the practice of law "upon a showing by clear and convincing evidence that the lawyer's disability has been removed and that he or she is fit to resume the practice of law."
Nichols argues that, at the time he was suspended from the practice of law, neither he nor the Bar realized that the professional misconduct that formed the basis for his suspension may have been caused by chronic depression and/or attention-deficit/hyperactivity disorder ("ADHD"), which, he argues, would have allowed him to be placed on disability inactive status rather than suspended. His depression and ADHD were discovered only after his suspension, when the Bar referred him to mental-health professionals associated with the Alabama Lawyers Assistance Program ("ALAP"). Therefore, he argues, it is unrealistic for the Bar to expect or insist that he should have taken steps to ensure that these proceedings were conducted pursuant to Rule 27, because at the time of his suspension his disability was unknown. However, after Nichols had been diagnosed as suffering from chronic depression and/or ADHD, he could have petitioned to be transferred to disability inactive status pursuant to Rule 27, but he did not do so.
We note with approval Nichols's progress toward rehabilitation, as evidenced by his own testimony, the testimony of character witnesses, and the unanimous testimony of the ALAP mental-health professionals to whom the Bar referred Nichols. But the burden was on Nichols to prove by clear and convincing evidence that he was, at the time of the hearing on his petition for reinstatement, fit to practice law. The Disciplinary Board's conclusion that he has failed to prove by clear and convincing evidence that he was at that time fit to practice law was not clearly erroneous based on the record before the Disciplinary Board at that time, and we must therefore affirm the decision of the Board of Disciplinary Appeals.
AFFIRMED.
COBB, C.J., and SEE, LYONS, and STUART, JJ., and PATTERSON, Special Justice,* concur.
MURDOCK, J., concurs in the result.
WOODALL, SMITH, and BOLIN, JJ., recuse themselves.
* Retired Court of Criminal Appeals Judge John Patterson was appointed March 5, 2007, to be a Special Justice in regard to this appeal.