[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13248
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cv-00179-WMA

W. DAVID NICHOLS,

Plaintiff-Appellant,

versus

ALABAMA STATE BAR,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(March 10, 2016)

Before HULL, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

W. David Nichols, an attorney proceeding pro se, appeals the dismissal of his 42 U.S.C. § 1983 due process claim against the Alabama State Bar ("State Bar") as barred by the Eleventh Amendment, and the denial of his motion to alter or amend the judgment.  After review, we affirm.

## I.  BACKGROUND FACTS

According to Nichols's amended complaint, Nichols was admitted to the State Bar in 1982.  In the early 2000s, the State Bar suspended Nichols's license to practice law for professional misconductBecause Nichols's suspension was for more than 90 days, he was required to petition the State Bar for reinstatement after his suspension period ended.  See Ala. R. Disc. P. 8(b), 28(b).  Nichols's suspension ended on January 31, 2003.

Sometime in 2003, Nichols filed a petition for reinstatement.  At a hearing, mental health professionals testified that Nichols suffers from major depression and attention deficit hyperactivity disorder that caused his disciplinary problems and that he was stable and medicated.  The State Bar's Disciplinary Board denied Nichols's petition for reinstatement.  Nichols appealed that decision up to the Alabama Supreme Court, which affirmed the State Bar's finding that Nichols had not shown by clear and convincing evidence that he was fit to practice law.  See Nichols v. Ala. State Bar, 981 So. 2d 398, 400 (Ala. 2007).

Nichols owns an office building in which he performs activities for his lawyer-tenants, such as answering phones, typing, and discussing cases. In early 2014, Nichols informed the State Bar that he intended to again seek reinstatement. Shortly thereafter, in February 2014, the State Bar ordered Nichols to stop performing work as a paralegal, citing Alabama Rule of Disciplinary Procedure 26, which prohibits suspended lawyers from employment in the legal profession, including as a paralegal, without prior permission from the State Bar. See Ala. R. Disciplinary P. 26(h)(2)-(3). Nichols responded to the State Bar that he was no longer suspended and thus not subject to Rule 26, but he also ceased the activity. In December 2014, the State Bar disciplined Nichols for his 2014 activities and for the unauthorized practice of law.

Nichols's amended complaint named only the State Bar and alleged that the State Bar was "an instrumentality or subdivision of the State of Alabama." As to his § 1983 claim, Nichols alleged that the State Bar's rules applied the same standards and procedures for reinstatement for disbarred attorneys to attorneys suspended for more than 90 days, amounted to "defacto disbarment," and violated his Fourteenth Amendment due process rights.[1]

---

[1]Nichols's amended complaint also alleged a claim under the American with Disabilities Act ("ADA"). On appeal, Nichols expressly abandons any challenge to the district court's dismissal of his ADA claim, and we do not address it. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

On April 15, 2015, the district court granted the State Bar's motion to dismiss and dismissed Nichol's amended complaint without prejudice for lack of subject matter jurisdiction. Noting that Nichols had conceded the issue, the district court concluded that the State Bar was a state agency. Given that Congress had not abrogated immunity for § 1983 actions, and the State of Alabama had not waived its immunity, the district court concluded that the Eleventh Amendment barred Nichols's § 1983 due process claim. The district court also concluded that the State Bar, as a state agency, was not a "person" under § 1983.

Nichols did not immediately appeal. Instead, on May 11, 2015, Nichols filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).[2] For the first time, Nichols argued that the State Bar was not a state agency, but a private incorporated association that could be sued under § 1983 as a state actor. In a reply brief, Nichols claimed for the first time that he "ha[d] a direct action" under the Fourteenth Amendment.

On June 19, 2015, the district court denied Nichols's Rule 59(e) motion. The district court noted that most of Nichols's arguments could have been raised in response to the motion to dismiss and thus were not properly asserted in a Rule 59(e) motion. Nonetheless, the district court concluded that all four factors considered in determining whether an entity is an arm of the state weighed in favor

---

[2]Nichols's Rule 59(e) motion, filed 26 days after the district court's April 15, 2015 final judgment, tolled the time to file his appeal. See Fed. R. App. P. 4(a)(4)(A)(iv).

4

of finding that the State Bar is a state agency entitled to Eleventh Amendment Immunity.  Specifically, the district court found that: (1) although Alabama law did not clearly define the State Bar's status for immunity purposes, the public nature of the power delegated to the State Bar, the relation between the State Bar and the State of Alabama, and the public nature of the functions the State Bar performed all indicated the State Bar would be deemed a state agency under Alabama law; (2) the Alabama Supreme Court supervises the State Bar's regulation of the practice of law and the Alabama Department of Finance supervises the State Bar's finances; (3) the Alabama legislature authorized the State Bar's collection of fees, which are deposited into the state treasury and may be expended only as appropriated by the Alabama legislature; and (4) judgments against the State Bar would be paid out of its treasury fund as budgeted and allotted by the Alabama legislature, but would effect a drain on the treasury as a whole.

As to Nichol's purported "direct action" under the Fourteenth Amendment, the district court stated that Nichols's amended complaint did not allege such a claim, and Nichols could not properly assert such a claim in his reply brief in support of his a motion to alter or amend the judgment.  Nichols filed a timely notice of appeal.

## II.  DISCUSSION

### A.    Appellate Jurisdiction

The State Bar argues that we lack jurisdiction to entertain Nichols's appeal because his notice of appeal does not comply with Federal Rule of Appellate Procedure 3(c)(1)(B) by designating the orders appealed.

A notice of appeal must "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). We generally have jurisdiction to review "only those judgments, orders or portions thereof" the appellant's notice of appeal designates. Osterneck v. E.T. Barwick Indus., Inc., 825 F.2d 1521, 1528 (11th Cir. 1987). We "liberally construe" the requirements of Rule 3, however, and "an appeal is not lost if a mistake is made in designating the judgment appealed from where it is clear that the overriding intent was effectively to appeal." KH Outdoor, LLC v. City of Trussville, 465 F.3d 1256, 1260 (11th Cir. 2006). Furthermore, we do not narrowly read the notice of appeal where the defect in the notice of appeal "did not mislead or prejudice the respondent." Foman v. Davis, 371 U.S. 178, 181-82, 83 S. Ct. 227, 229-30 (1962) (holding that the appellate court should have construed the notice of appeal from the denial of a motion to vacate the judgment as an attempt to appeal from the underlying judgment); Campbell v. Wainwright, 726 F.2d 702, 704 (11th Cir. 1984) (stating that this Court liberally construes Rule 3's requirements "in favor of the appellant where the intent to appeal an unmentioned or mislabeled ruling is apparent and there is no prejudice to the adverse party"). We may look to the record, including the parties' briefs, to

6

determine the orders or parts thereof an appellant intended to appeal. See KH Outdoor, 465 F.3d at 1260 (finding the appellant clearly intended to appeal the district court's rulings on nominal damages despite the appellant's failure to include those orders in the notice of appeal because the appellant's brief addressed only those issues and both parties fully briefed them).

Here, although Nichols's notice of appeal did not specify which orders he intended to appeal, it is apparent from the record that Nichols intended to appeal the April 15, 2015 judgment dismissing his complaint for lack of subject matter jurisdiction and the June 19, 2015 order denying his Rule 59(e) motion in which the district court concluded that the State Bar is an "arm of the state." Nichols electronically filed his notice of appeal and in the docket text specified the district court's June 19, 2015 order, docket entry 23, as the subject of the appeal. Furthermore, Nichols's appellate brief explicitly states that he is appealing the denial of the motion to alter, amend or vacate the April 15, 2015 "final order" and challenges the district court's conclusion that the State Bar is a state agency entitled to Eleventh Amendment immunity. Additionally, there is no indication that Nichols's notice of appeal prejudiced or misled the State Bar, as the State bar fully briefed the Eleventh Amendment immunity issue. Accordingly, we have jurisdiction to entertain Nichols's appeal.

**B.    Eleventh Amendment Immunity**

Eleventh Amendment immunity bars suits by private individuals in federal court against a state unless the state has consented to be sued or has waived its immunity or Congress has abrogated the states' immunity.  Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 363-64, 121 S. Ct. 955, 962 (2001); Cross v. Ala. Dep't of Mental Health & Mental Retardation, 49 F.3d 1490, 1502 (11th Cir. 1995).  "This bar exists whether the relief sought is legal or equitable."  Papasan v. Allain, 478 U.S. 265, 276, 106 S. Ct. 2932, 2939 (1986). [3]  The Eleventh Amendment applies when "the State or one of its agencies or departments is named as the defendant . . . ."  Id. (quotation marks omitted).  That is, Eleventh Amendment immunity "is available 'only' to states and arms of the states."  Walker v. Jefferson Cty. Bd. of Educ., 771 F.3d 748, 751 (11th Cir. 2014).

Congress has not abrogated Eleventh Amendment immunity in § 1983 cases.  Carr v. City of Florence, 916 F.2d 1521, 1525 (11th Cir. 1990).  Furthermore, the State of Alabama has not agreed to be sued for violations of an individual's civil rights.  See Ala. Const. art. I, § 15 ("[T]he State of Alabama shall never be made defendant in any court of law or equity."); Alabama v. Pugh, 438 U.S. 781, 782, 98 S. Ct. 3057, 3057-58 (1978) (citing Ala. Const. art. I, § 14, now codified as § 15).

---

[3]Given that Nichols sues only the Alabama State Bar, and not any individual state officials, we need not address the exception to Eleventh Amendment immunity recognized in Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441 (1908).  See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 113 S. Ct. 684, 688 (1993) (explaining that the Ex Parte Young exception "has no application in suits against the States and their agencies, which are barred regardless of the relief sought").

Thus, if the State Bar is an "arm of the state," Eleventh Amendment immunity bars Nichols's § 1983 action.

Whether an entity is an "arm of the state" is determined by considering four factors: (1) how the state law defines the entity; (2) the degree of state control over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity.  Walker, 771 F.3d at 751-53.[4]  Although whether an entity is an "arm of the state" will depend "in part, on state law," and thus may differ from state to state, we note that this Court has previously concluded that the Florida State Bar is an "arm of the State" that enjoys Eleventh Amendment immunity.  See Kaimowitz v. Fla. Bar, 996 F.2d 1151, 1155 (11th Cir. 1993) ("The Eleventh Amendment prohibits actions against state courts and state bars.").  In addition, other circuits that have considered the issue have concluded that state bars are arms of the state entitled to Eleventh Amendment immunity.  See, e.g., Dubuc v. Mich. Bd. of Law Exam'rs, 342 F.3d 610, 615 (6th Cir. 2003); Thiel v. State Bar of Wis., 94 F.3d 399, 406 (7th Cir. 1996);  Hirsh v. Justices of Sup. Ct. of State of Cal., 67 F.3d 708, 715 (9th Cir. 1995); Green v. State Bar of Texas, 27

---

[4]"[W]hether an entity constitutes an arm of the state under Eleventh Amendment immunity analysis is a question of law subject to de novo review."  United States ex rel. Lesinski v. S. Fla. Water Mgmt. Dist., 739 F.3d 598, 602 (11th Cir. 2014).  We review a district court's denial of a Rule 59(e) motion for an abuse of discretion.  Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1343 n.20 (11th Cir. 2010).

9

F.3d 1083, 1087-88 (5th Cir. 1994); Ginter v. State Bar of Nevada, 625 F.2d 829, 830 (9th Cir. 1980).

After considering the four factors, we agree with the district court's conclusion that the Alabama State Bar is an arm of the state of Alabama and thus enjoys Eleventh Amendment immunity from Nichols's § 1983 claim. Alabama law delegates to the State Bar, with supervision by the Supreme Court of Alabama, the power to investigate and discipline attorney misconduct and "pass upon all petitions for reinstatement." See Ala. Code § 34-3-43(a)(3), (a)(4). To that end, the Supreme Court of Alabama promulgated the Alabama Rules of Disciplinary Procedures, which govern the State Bar's investigation and discipline of attorney misconduct, including suspensions and reinstatement. See Ala. R. Disciplinary P. Preamble, 8, 12, 26, 28. These delegated powers are public in nature and would otherwise be exercised by the Alabama Supreme Court. Moreover, the State Bar's disciplinary actions pursuant to the Alabama Rules of Disciplinary Procedure, including denials of petitions for reinstatement pursuant to Rule 28, are reviewable by the Alabama Supreme Court. See Ala. R. Disc. P. R. 12(f), 28(j). Thus, with respect to regulation of attorney conduct, including discipline and reinstatement, the State Bar functions as an arm of the Supreme Court of Alabama. See Bd. of Comm'rs of Ala. State Bar v. State ex. rel. Baxley, 324 So. 2d 256, 262 (Ala. 1975) (concluding that the State Bar's Board of Commissioners was created by the

Alabama legislature "as an arm to" the Alabama Supreme Court, subject to its review and approval).

The State Bar's collection of fees is authorized by the Alabama legislature, those fees are deposited into the state treasury and can be spent only as appropriated by the Alabama legislature, and the Alabama Department of Finance supervises the State Bar's finances. See Ala. Code §§ 34-3-3, 34-3-4, 34-3-44, 41-4-2. Judgments against the State Bar will be paid out of its state treasury fund, but only "as budgeted and allotted" by the Alabama legislature, Id. § 34-3-44, potentially affecting the treasury as a whole.

Given that the State Bar is an arm of the state entitled to Eleventh Amendment immunity, the district court properly dismissed Nichols's § 1983 action without prejudice for lack of subject matter jurisdiction. The district court also did not abuse its discretion in denying Nichols's Rule 59(e) motion. To the extent Nichols contends his due process claim was a "direct action" under the Fourteenth Amendment, his amended complaint did not allege such a claim, and he could not use his Rule 59(e) motion to do so. See Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (explaining that the only grounds

properly asserted in a Rule 59(e) motion are newly discovered evidence or manifest errors of law or fact).[5]

**AFFIRMED.**

---

[5]We note that Nichols had already amended his complaint once and could not amend his complaint again without the State Bar's consent or leave of the district court.  See Fed. R. Civ. P. 15(a)(1), (2).