[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-12562
Non-Argument Calendar
_____

D.C. Docket No. 1:20-cv-22559-UU


ROCHELLE Y. DRIESSEN,

Plaintiff - Appellant,

versus

UNIVERSITY OF MIAMI SCHOOL OF LAW CHILDREN & YOUTH LAW
CLINIC,
STATE OF FLORIDA,
for the actions of its former employees 11th Judicial Circuit Probate Judge Maria
Korvick,
and 11th Judicial Circuit Magistrate Judge Lewis Kimler,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 16, 2020)

Before JILL PRYOR, LUCK and BLACK, Circuit Judges.

PER CURIAM:

Rochelle Driessen, proceeding pro se, appeals the district court's dismissal of her 42 U.S.C. § 1983 complaint and the denial of her motions for relief from judgment under Federal Rule of Civil Procedure 60(b) and 60(d)(3).[1]  Driessen alleged the University of Miami School of Law Children & Youth Law Clinic (the University) and the State of Florida (the State)—through the actions of two judges—violated her due process rights in a guardianship proceeding involving her daughter.  The court dismissed the action as frivolous because the University was not a state actor and based on absolute judicial immunity.

Driessen presents three arguments on appeal.  First, she argues the district court erred in dismissing her claims against the University because she sufficiently pleaded the University was a state actor.  Second, she argues the court erred in denying her Rule 60(b) motion, with respect to her claims against the State, because the State waived sovereign immunity.  Third, she argues the court erred in denying her Rule 60(b)(3) motion because fraud resulted when the court dismissed

---

[1] We liberally construe Driessen's notice of appeal as challenging the dismissal of her complaint, even though the dismissal order is not designated in her notice of appeal, because her intent to appeal the dismissal is clear. *See Nichols v. Ala. State Bar*, 815 F.3d 726, 730-31 (11th Cir. 2016) (providing "an appeal is not lost if a mistake is made in designating the judgment appealed from where it is clear that the overriding intent was effectively to appeal" and noting we may look to a party's brief to assess intent to appeal) (quotation marks omitted).

2

her claims as frivolous and listed the Emily C. Moises Day Training Center (the Training Center) as a defendant.  After review, we affirm.

## I.  DISCUSSION

### A.  *Dismissal of Claims Against the University*

Driessen alleged the University—which represented her daughter's grandfather, Richard Driessen, in the guardianship proceeding—violated her due process rights by failing to provide her with notice of a hearing, resulting in Richard Driessen serving as her daughter's guardian advocate.  On appeal, she argues the district court erred in dismissing her § 1983 claims against the University as frivolous because she sufficiently pleaded the University was a state actor under the nexus/joint action test.

Although a plaintiff in a § 1983 suit must show the defendant is a state actor, a private party may be considered a state actor in "rare circumstances," when one of three tests is met: the state compulsion test, the public function test, or the nexus/joint action test.  *Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (quotation marks omitted).  Under the nexus/joint action test, a private party may be viewed as a state actor where "the State had so far insinuated itself into a position of interdependence" with the private party that it was a joint participant in the action.  *Id.* (quotation marks omitted).  To satisfy this test, the private party must be "intertwined in a symbiotic relationship" with the government, which

3

involves the "specific conduct of which the plaintiff complains." *Id.* (quotation marks and citations omitted).

The district court did not abuse its discretion in dismissing Driessen's § 1983 claims against the University as frivolous because the University is not a state actor and Driessen failed to show any of the "rare circumstances" allowing claims against a private actor to proceed. *See* 28 U.S.C. § 1915(e)(2)(B)(i) (providing a court shall dismiss an action brought by a party who seeks to proceed in forma pauperis if the action is frivolous); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (reviewing the dismissal of a complaint as frivolous for an abuse of discretion). Driessen did not allege sufficient facts to establish the State insinuated itself into a position of interdependence with the University, or that the University was in a symbiotic relationship with the State with respect to the alleged misconduct, such that the nexus/joint action test was met, and Driessen does not contend either of the other two tests are applicable. *See Rayburn*, 241 F.3d at 1347. Rather, she merely alleged the University failed to provide her with notice of a hearing and the hearing continued without further inquiry about whether notice was provided. Driessen therefore failed to show the University was subject to suit under § 1983, and the district court did not abuse its discretion in dismissing her claims against the University as frivolous. *See Bilal*, 251 F.3d at 1349 ("A claim is frivolous if it is without arguable merit either in law or fact.").

*B.  Denial of Rule 60(b) Motion as to Claims Against the State*

Driessen's claims against the State were based on the actions of two state court judges in the guardianship proceeding and their failure to ensure she was provided notice of the hearing or terminate the guardianship.  Following the dismissal of her complaint, Driessen moved for relief from judgment pursuant to Rule 60(a) and 60(b), arguing the district court erred in listing the Training Center as a defendant and contending she was suing the State as a defendant, not individual judges.  The district court granted her motion for Rule 60(a) relief, removing the Training Center as a defendant from the case caption, but denied her Rule 60(b) motion, concluding any claims against the State were barred by Eleventh Amendment sovereign immunity.  Driessen now argues the district court erred in finding the State was immune from suit under the Eleventh Amendment, contending sovereign immunity had been waived.

The district court did not abuse its discretion in denying Driessen's Rule 60(b) motion for relief from judgment.  *See Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012) (reviewing denial of a Rule 60(b) motion for an abuse of discretion).  Congress has not abrogated Eleventh Amendment immunity in § 1983 cases, and the State of Florida has not waived sovereign immunity or consented to suit with respect to such actions.  *See Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1502 (11th Cir.

5

1995); *Hill v. Dep't of Corr., State of Fla.*, 513 So. 2d 129, 133 (Fla. 1987).  The district court therefore did not abuse its discretion in concluding Driessen's claims against the State were barred by the Eleventh Amendment.  *See Nichols v. Ala. State Bar*, 815 F.3d 726, 731 (11th Cir. 2016) ("Eleventh Amendment immunity bars suits by private individuals in federal court against a state unless the state has consented to be sued or has waived its immunity or Congress has abrogated the states' immunity.").  Additionally, to the extent Driessen asserts any claim against the state court judges for their actions in the guardianship proceeding, they are entitled to absolute judicial immunity.  *See Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (stating judges are immune from suits for damages for actions taken in their judicial capacity unless they acted in the "clear absence of all jurisdiction").

## C.  Denial of Rule 60(d)(3) Motion

After the district court denied her motion for Rule 60(b) relief, Driessen moved for relief under Rule 60(d)(3), contending fraud occurred when the court dismissed her claims as frivolous and included the Training Center as a defendant.  Driessen argues the denial of her motion was in error, advancing the same arguments on appeal and contending her claims instead should have been dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) or (iii).

The district court did not abuse its discretion in denying Driessen's Rule 60(d)(3) motion. The court's adverse ruling is not the kind of egregious misconduct that rises to the level of fraud on the court, nor was its decision to dismiss Driessen's complaint on one ground rather than another. *See Cox Nuclear Pharmacy, Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007) (reviewing denial of comparable Rule 60(b)(3) motion for an abuse of discretion); *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) (indicating only the most egregious misconduct will constitute a fraud upon the court). Further, in granting Driessen's Rule 60(a) motion, the district court corrected the case caption to eliminate the Training Center as a defendant. Any claim the inclusion of this defendant amounted to fraud is meritless.

## II. CONCLUSION

For the reasons above, the district court did not abuse its discretion in dismissing Driessen's complaint as frivolous or denying her postjudgment motions for relief under Rule 60(b) and 60(d)(3). Accordingly, we affirm.

**AFFIRMED.**

7