[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14756
Non-Argument Calendar

_____

D.C. Docket No. 0:19-cr-60131-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GIOVANNI ALMEYDA LONERGAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 10, 2021)

Before MARTIN, BRANCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Giovanni Almeyda Lonergan, a *pro se* federal prisoner, appeals the district court's denial of his motion for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act of 2018.[1]  On appeal, he argues that the district court failed to address his arguments for compassionate release, including that COVID-19 posed a special risk to incarcerated individuals in general and to him specifically because of his asthma and obesity medical conditions.  He contends that 18 U.S.C. § 3582(c)(1)(A)(i) does not restrict a district court's consideration of extraordinary and compelling reasons to only those identified by the U.S. Sentencing Commission and the Bureau of Prisons ("BOP").  He argues that the district court needed to provide specific factual reasons for its decision to deny him relief, including consideration of the 18 U.S.C. § 3553(a) factors and whether he is a danger to others under 18 U.S.C. § 3142(g).  He asserts that because of his potential release plan of living with a family member to ensure his compliance with the law, his good behavior while incarcerated, and the extra layer of accountability that registering as a sex offender upon his release would provide, the § 3553(a) factors favor a sentence reduction.

**I.**

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act").

In May 2019, a federal grand jury charged Lonergan with one count of transporting child pornography, in violation of 18 U.S.C. § 2252(a)(1) and (b)(1), and one count of possessing child pornography involving a minor younger than 12, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).  Lonergan pled guilty to one count of possessing child pornography involving a minor younger than 12, and the parties agreed to jointly recommend a sentence of four years' imprisonment.  The district court sentenced Lonergan to 48 months' incarceration to be followed by 15 years' supervised release.  As a special condition of supervised release, the district court ordered Lonergan to register as a sex offender.  Lonergan did not appeal his conviction or sentence.

In July 2020, Lonergan filed a counseled motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  He sought the immediate release from prison to serve the remainder of his sentence in home detention.  He contended that his health profile matched those individuals who were commonly identified as being most at risk of suffering severe health consequences from contraction of COVID-19.  He specifically noted that he suffered from asthma, costochondritis and irritable bowel syndrome, and that he was obese.  He also noted that he had been a model prisoner, his offense was non-violent, he complied with all conditions of his release while on bond, and he would be serving home confinement in his sister's home.

Before the government responded, the district court denied Lonergan's motion for compassionate release, stating in part that the court had been fully advised "in the premises" and it denied the motion because Lonergan had not shown sufficient extraordinary circumstances to avoid the sentence of incarceration for child pornography. (R. Doc. 50). Lonergan, *pro se*, sought reconsideration of the district court's denial of his request for compassionate release. The district court denied the motion, and Lonergan perfected this appeal.

## II.

We review a district court's order denying a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id*. (quotation marks omitted). A district court also abuses its discretion when it fails to consider the 18 U.S.C. § 3553(a) sentencing factors when deciding a motion under § 3582(c)(1)(A)(i). *United States v. Cook*, ___ F.3d ___, ___, No. 20-13293 (11th Cir. May 27, 2021). The abuse of discretion standard is not "simply a rubber stamp," as a district court "must explain its sentencing decisions adequately enough to allow for meaningful appellate review." *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017)

4

(quotation marks omitted).  When the record does not allow for meaningful review, we vacate the order and remand to the district court.  *Id*. at 998.

### III.

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent permitted under § 3582(c)'s provisions.  18 U.S.C. § 3582(c); *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020).  Prior to the enactment of the First Step Act in December 2018, § 3582(c)(1)(A) allowed a district court to reduce a prisoner's term of imprisonment only upon motion of the BOP Director.  18 U.S.C. § 3582(c)(1)(A) (effective Nov. 2, 2002, to Dec. 20, 2018).  As amended by § 603(b) of the First Step Act, that section now provides, in relevant part, that:

> the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).  We recently determined that the exhaustion requirement applicable to a prisoner who wishes to file a § 3582(c)(1)(A) motion

5

on his own behalf is a non-jurisdictional claim-processing rule that may be forfeited by the government. *Harris*, 989 F.3d at 911.

The policy statement applicable to § 3582(c)(1)(A) is found in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13. Although § 1B.1.13 still provides that only the BOP Director may file an 18 U.S.C. § 3582(c)(1)(A) motion and does not discuss the exhaustion of administrative remedies, it otherwise tracks the language of the statute. *See id.* However, in addition to determining that extraordinary and compelling reasons warrant a reduction, U.S.S.G. § 1B1.13 states that the district court must also determine that the defendant is not a danger to the safety of others or to the community, as provided in 18 U.S.C. § 3142(g), and that the reduction is consistent with the policy statement. *Id.*

As relevant here, the commentary lists a defendant's medical condition and age as possible "extraordinary and compelling reasons" warranting a sentence reduction. *Id.* § 1B1.13, comment. (n.1). A defendant's medical condition may warrant a sentence reduction if he (1) has a terminal disease or (2) is suffering from a physical or mental condition that diminishes his ability to provide self-care in prison and from which he is not expected to recover. *Id.*, comment. (n.1(A)). The commentary also contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and

6

compelling reason other than, or in combination with," the other specific examples listed. *Id.*, comment. (n.1(D)).

We recently held that an order granting or denying compassionate release under § 3582(c)(1)(A)(i) must indicate that the district court has considered "all applicable § 3553(a) factors," in addition to whether the movant has offered extraordinary and compelling reasons and whether a reduction or release would be consistent with the policy statement found in U.S.S.G. § 1B1.13. *Cook*, ___ F.3d at ___. While a district court does not need to exhaustively analyze each § 3553(a) factor or articulate its findings meticulously, "it must provide enough analysis that meaningful appellate review of the factors' application can take place." *Id*. at ___ (quotation marks omitted). We will not consider the § 3553(a) factors in the first instance, and absent the district court's consideration of the § 3553(a) factors, we cannot engage in meaningful appellate review. *Id*. at ___.

In *Cook*, the movant argued that (1) COVID-19 posed a uniquely high risk to the incarcerated population; (2) his obesity, high blood pressure, and latent tuberculosis placed him at a high risk of death or serious illness from a coronavirus infection; (3) he was serving a disproportionately long sentence in light of intervening court decisions that would render him no longer a career offender; and (4) the § 3553(a) factors favored his release. *Id*. at ___. The district court denied the motion before the government filed a response, as in the case here. We

7

concluded that the district court's order included "nothing to suggest [that] the court considered, balanced, or weighed" any of the movant's arguments or considered the applicable § 3553(a) factors, noting that the order did not even mention the COVID-19 pandemic. *Id*. at ___. We rejected the government's argument that the district court's statement of being "fully advised in the premises" was sufficient to enable appellate review because "[t]his boilerplate . . . provide[d] no insight into the district court's reasoning." *Id*. at ___. We also rejected the government's argument that we could affirm on any ground supported by the record, regardless of whether the district court relied upon it, because the decision to grant or deny compassionate release requires district courts to weigh various considerations in the first instance, and we are careful to avoid exceeding our limited role in reviewing sentencing decisions. *Id*. at ___.

## IV.

As an initial matter, Lonergan's NOA identifies the district court's order denying his reconsideration motion as the order being appealed, but Lonergan's arguments in his brief concern the district court's denial of his underlying compassionate release motion. However, the NOA as to the order denying him compassionate release is untimely. Nevertheless, Rule 4(b) is not jurisdictional, and the government has abandoned the issue of timeliness on appeal by failing to brief it. Further, considering the liberal NOA requirements under Rule 3 and the

fact that Lonergan is *pro se*, Lonergan's failure to specify the order denying him compassionate release in his NOA does not deprive us of jurisdiction, as Lonergan's brief demonstrates a clear intent to effectively appeal the denial of his compassionate release request, and the government is not prejudiced, as it briefed the issues relevant to compassionate release on appeal. *See Nichols v. Alabama State Bar*, 815 F.3d 726, 730 (11th Cir. 2016) (quotation marks omitted) (An appeal will not be lost "if a mistake is made in designating the judgment appealed from where it is clear that the overriding intent was effectively to appeal," and we will "not narrowly read the [NOA] where the defect in the [NOA] did not mislead or prejudice the respondent.").[2]

Here, as in *Cook*, we cannot engage in meaningful appellate review because the record does not reflect that the district court adequately explained its decision in light of the applicable § 3553(a) factors. The district court's statement regarding the proximity between Lonergan's incarceration and his motion provides no insight into which § 3553(a) factors, if any, it considered when denying the motion, or how any § 3553(a) factors weighed against Lonergan's arguments. As in *Cook*, the district court's order summarily denied Lonergan's motion without indicating that

---

[2] In addition, we note that to the extent that Lonergan argues that district courts are not limited by § 1B1.13's policy statement when granting § 3582(c)(1)(A) motions, our recent decision in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021). Moreover, Lonergan has abandoned any challenge to the district court's order denying his reconsideration motion by addressing this issue for the first time in his reply brief.

it had considered his medical conditions or his risk for severe illness from COVID-19, or that it had even weighed these arguments against the § 3553(a) factors. Contrary to the government's contentions, we cannot affirm on the basis that the record reflects that the § 3553(a) factors weigh against release, as we will not consider these factors in the first instance. Accordingly, for the aforementioned reasons, we vacate the district court's order and remand this case for further proceedings consistent with this opinion.

**VACATED AND REMANDED**.