[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13231

Non-Argument Calendar

_____

MAHESH RAMCHANNDANI,

                                            Plaintiff-Appellant,

*versus*

SUNIL GAHDHI,
Dr.,
CHIRAG KABRAWALA,
NIKESH SHAH,

                                            Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:18-cv-01647-CEM-DCI

_____

Before JORDAN, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Mahesh Ramchanndani appeals after the district court and magistrate judge denied his postjudgment motions filed more than a year after the dismissal of his amended complaint. Because Ramchanndani made clear that he is appealing the magistrate judge's August 18, 2020 order and we lack jurisdiction to review that order, we must dismiss his appeal.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In October 2018, Ramchanndani sued Dr. Sunil Gahdhi, Chirag Kabrawala, and Nikesh Shah, alleging that they violated 42 U.S.C. section 1982 and Florida's Deceptive and Unfair Trade Practices Act when they evicted his yogurt shop from their commercial property. The defendants moved to dismiss Ramchanndani's amended complaint for failure to state a claim. The magistrate judge issued a report recommending that the district court dismiss the amended complaint with prejudice. Ramchanndani objected to the report and moved for summary judgment. On June 26, 2019, the district court adopted the report over Ramchanndani's

objection, dismissed the amended complaint with prejudice, and denied Ramchanndani's motion for summary judgment as moot.

On July 1, 2019, Ramchanndani filed a motion to reopen the case under Federal Rule of Civil Procedure 60(b)(6), arguing that, under a Wyoming Supreme Court decision, the district court used "excessive . . . powers" when it dismissed his amended complaint with prejudice. The district court denied the motion, explaining that Ramchanndani "failed to meet its burden to show extreme and unexpected hardship justifying such extraordinary relief."

More than a year later, on July 20, 2020, Ramchanndani filed another motion to reopen the case under rule 60(b)(6). In the motion, he: (1) referenced a dismissed state court case against a third-party; (2) asked the district court "[h]ow and [w]hen will he earn th[e] money to be debt free?"; (3) expressed his dissatisfaction with the "Abused American Justice system"; (4) argued that the district court could have "waited to give judgement by 5 days, after defendants filed answer to discovery question"; and (5) cited the same Wyoming Supreme Court decision from his first motion to reopen.

On July 22, 2020, the magistrate judge issued a report recommending that the motion be denied because Ramchanndani's financial difficulties, complaints about the "American Justice system," and the citation to the Wyoming decision did not satisfy his burden under rule 60(b)(6). The magistrate judge also noted that a motion under rule 60(b) must be filed within a "reasonable time" and that Ramchanndani filed his motion more than a year after the judgment was entered. Ramchanndani objected to the report,

reasserted the arguments in his motion, and accused the district court and magistrate judge of misconduct, including that they were "giving protection to defendants."

On August 12, 2020, the district court adopted the report, "agree[ing] entirely with [its] analysis," and denied Ramchanndani's second motion to reopen. The district court also noted that it had "learned some disturbing facts" about Ramchanndani's conduct in the case. Ramchanndani had verbally accosted one of the magistrate judge's law clerks and had attempted to contact the magistrate judge's relatives and college, and his objection included disrespectful and threatening statements about the magistrate judge and district court. The district court ordered Ramchanndani to appear at a hearing and explain why it should not impose sanctions.

On August 18, 2020, Ramchanndani filed a "Motion for Miscellaneous relief," in which he admitted to and apologized for his conduct, asked for forgiveness, and asked for the district court to appoint him counsel to assist with his case. Ramchanndani also filed a "Motion for Amended Objection to [Report & Recommendation]," asking the court to strike his previous objection to the report, to accept his filing as an amended objection, and to reject the magistrate judge's recommendation that his second motion to reopen be denied. He also requested restitution, injunctive relief, and punitive damages for conduct alleged in his amended complaint and said that, had the defendants answered his discovery questions, they would have been forced to either "accept[] the

charges levelled against them" or submit false statements to the court, which he said could have led to a criminal conviction. Later that day, the magistrate judge denied Ramchanndani's motions, explaining that the court had already ruled on his objections and the case was closed.

After the sanctions hearing, the district court ordered Ramchanndani to pay $1,000 in sanctions for his harassment of the magistrate judge, the magistrate judge's law clerk, and defense counsel, and for his repeated motions after the case had been closed. The court also warned Ramchanndani that he risked criminal contempt proceedings if he continued to harass those involved in the case, and that if he filed another motion it would be stricken and could lead to more sanctions.

On August 26, 2020, Ramchanndani filed a notice of appeal. The notice said that he was appealing the "[o]rder granting the [d]ismissal of the case . . . entered by the . . . [d]istrict [c]ourt on August 18th 2020 (Dkt. 58)." We issued a jurisdictional question asking Ramchanndani to identify which order or orders he was appealing. Ramchanndani responded that he was appealing "[d]ocket entry 58 dated 8/18/2020"—the magistrate judge's order denying Ramchanndani's motions for miscellaneous relief and to amend his objections.

We dismissed part of the appeal because we lacked jurisdiction to review the magistrate judge's order denying Ramchanndani's motions for miscellaneous relief and to amend his objections. We explained that the August 18, 2020 order "was issued

6                    Opinion of the Court                    20-13231

by a magistrate judge and Ramchanndani did not appeal it to the district court," and, therefore, "the order was never rendered final." We added that we also lacked jurisdiction to review the district court's sanctions order because "Ramchanndani ha[d] not specified his intent to appeal that order in his notice of appeal or anywhere in his appellate brief." Thus, we dismissed Ramchanndani's appeal as to those orders. But we ordered that the question of whether Ramchanndani "actually intended" to appeal the district court's August 12, 2020 order denying his second motion to reopen be carried with the case.

## DISCUSSION

We now address the question that we carried with the case: whether Ramchanndani "actually intended" to appeal the district court's August 12, 2020 order denying his second motion to reopen. We've made it "abundantly clear that a timely and properly filed notice of appeal is a mandatory prerequisite to appellate jurisdiction." *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 844 (11th Cir. 2006). "A party intending to challenge an order . . . must file a notice of appeal, or an amended notice of appeal—in compliance with [r]ule 3(c)." Fed. R. App. P. 4(a)(4)(B)(ii). Under rule 3(c), a notice of appeal must "designate the judgment—or the appealable order—from which the appeal is taken." Fed. R. App. P. 3(c)(1)(B).[1]

---

[1] We quote the new version of rule 3, which became effective on December 1, 2021. *See* Proposed Amendments to the Federal Rules of Appellate Procedure, Rules 3 and 6 and Forms 1 and 2, 337 F.R.D. 813, 814 (U.S. Apr. 14, 2021).

20-13231                Opinion of the Court                7

While the rule "is absolute and inflexible," we have been "forgiving in determining what constitutes effective notice of appeal." *Holloman*, 443 F.3d at 844. And "it is well settled that an appeal is not lost if a mistake is made in designating the judgment appealed from where it is clear that the overriding intent was effectively to appeal." *KH Outdoor, LLC v. City of Trussville*, 465 F.3d 1256, 1260 (11th Cir. 2006) (quoting *Kicklighter v. Nails by Jannee, Inc.*, 616 F.2d 734, 739 n.1 (5th Cir. 1980)). Thus, "[w]e have jurisdiction to review . . . judgments or orders specified—expressly or impliedly—in the notice of appeal." *Club Car, Inc. v. Club Car (Quebec) Imp., Inc.*, 362 F.3d 775, 785 (11th Cir. 2004). "We may look to the record, including the parties' briefs, to determine the orders . . . an appellant intended to appeal." *Nichols v. Ala. State Bar*, 815 F.3d 726, 731 (11th Cir. 2016).

Looking to the notice of appeal, Ramchanndani's answer to the jurisdictional question, and his brief, there is no indication that he intended to appeal the district court's August 12, 2020 order denying his second motion to reopen. Ramchanndani's notice of appeal was clear that he was appealing the "[o]rder granting the [d]ismissal of the case . . . entered by the . . . [d]istrict [c]ourt on August 18th 2020 (Dkt. 58)." The August 18, 2020 order was the magistrate judge's order denying Ramchanndani's motions for miscellaneous relief and to amend his objection. "Where a notice of

---

The Supreme Court's order adopting the new version of rule 3 said that it should apply to all pending cases "insofar as just and practicable." *See id.* So we apply it here.

appeal specifies a particular judgment or ruling, we infer that others are not part of the appeal." *Club Car*, 362 F.3d at 785. Still, with our jurisdictional question, we gave Ramchanndani the opportunity to clarify which order or orders he was appealing, and he confirmed that he was appealing "[d]ocket entry 58 dated 8/18/2020." We have already dismissed his appeal of that order for lack of jurisdiction because "the order was issued by a magistrate judge and Ramchanndani did not appeal it to the district court."

In his brief, Ramchanndani argues that we have jurisdiction because "this is an appeal of a final dismissal without trial." He lists two dates of dismissal: "6/26/2019 and 8/18/2020." To the extent Ramchanndani intended to appeal the district court's June 26, 2019 order dismissing his amended complaint, we also lack jurisdiction to review that order because any appeal would be untimely. A notice of appeal "must be filed with the district clerk within [thirty] days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Ramchanndani filed his notice of appeal on August 26, 2020—more than a year after the district court's order of dismissal. And to the extent that he intended to appeal the August 18, 2020 order, that was the nonfinal magistrate judge's order that is also not directly appealable.

Rule 3 required Ramchanndani's notice of appeal to "designate . . . the appealable order . . . from which [his] appeal [was] taken." Fed. R. App. P. 3(c)(1)(B). His notice of appeal designated the magistrate judge's nonfinal—and not directly appealable—

August 18, 2020 order.  In response to our jurisdictional question, Ramchanndani doubled down and said that he was appealing the magistrate judge's August 18, 2020 order.  And he tripled down in his brief.  Thus, there is no indication that Ramchanndani's "over-riding intent" was to appeal anything other than the magistrate judge's August 18, 2020 order. *See KH Outdoor*, 465 F.3d at 1260. Because we don't have jurisdiction to review the magistrate judge's August 18, 2020 order, we must dismiss Ramchanndani's appeal.

**DISMISSED.**[2]

---

[2] Ramchanndani's motion for sanctions for spoliation of evidence is **DENIED AS MOOT**.