[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13128

Non-Argument Calendar

_____

BONNIE CARTER,

Plaintiff-Appellant,

_versus_

STATE OF FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES,
AGENCY FOR PERSONS WITH DISABILITIES,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:21-cv-00019-HES-JRK

———————————

Before LUCK, BRASHER, and HULL, Circuit Judges.

PER CURIAM:

Bonnie Carter, *pro se*, appeals the district court's dismissal of her 42 U.S.C. § 1983 action against two Florida agencies, the State of Florida Department of Children and Families ("DCF") and Agency for Persons with Disabilities ("ADP").[1]  Carter argues that the district court should not have abstained under the doctrine announced in *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971), and instead should have exercised jurisdiction over her claims for money damages and injunctive relief.  After careful review, we affirm.

## I.    FACTUAL BACKGROUND

### A.  Ongoing Guardianship Dispute

---

[1] For simplicity, we at times refer to both agencies collectively as the state agencies.

This case arises from an ongoing dispute between Carter and the state agencies over the custody of her son, A.B.[2]  DCF first removed A.B. from Carter's home in 1997.  A.B., who has autism and is developmentally disabled, lived in a group home for 16 months before returning to his mother's care.

In 2007, the state agencies again commenced guardianship proceedings, and a state court ordered A.B. moved to a group home.  Carter was once again appointed A.B.'s guardian in 2016, but the state court revoked her guardianship in 2018.  A.B., who is now 33 years old, remains a ward of the State under the supervision of a professional guardian.

According to the amended complaint, Carter "has filed both pro se and with counsel, numerous motions and petitions for the [state courts] to review the improper removal of her guardianship, as well as to review improper conduct of DCF, APD, and the professional guardian appointed at [the state agencies'] request."

B.  Carter's Federal Lawsuit

In December 2020, Carter filed a *pro se* complaint against DCF and APD in federal district court.  After retaining counsel,

---

[2] The factual background is drawn from the allegations in Carter's amended complaint—which we must take as true at the motion to dismiss stage—as well as from state court records.  *See Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1075 n.9 (taking judicial notice of state court records referenced in the plaintiff's complaint at the motion-to-dismiss stage).

Carter filed an amended complaint in February 2021. The guardianship proceedings that began in 2007 were ongoing when Carter filed her amended complaint in 2021.

The amended complaint alleged that defendants DCF and APD made false and defamatory accusations against Carter, resulting in A.B. being removed from her custody in 1997, 2007, and 2018. It alleged that A.B. was improperly medicated and poorly supervised at the group homes, leading to injuries and cognitive decline. Further, Carter was allowed only one supervised visit with A.B. per month. It alleged that the defendants' treatment of her son caused Carter physical and emotional distress, including short term memory loss, anxiety, difficulty breathing, and other physical injuries.

Carter's amended complaint alleged in one count a violation of civil rights under 42 U.S.C. § 1983. Specifically, Carter alleged that defendant DCF violated 42 U.S.C. § 671(a)(15)(B) "by not taking any measures to protect [her] parental rights." She sought compensatory damages of $500,000 and an injunction ordering DCF to release A.B. to her custody. The amended complaint included a separate request for an emergency preliminary injunction ordering defendants DCF and APD "to cease and desist all custodial services for [A.B.] and return[] him to the care of Plaintiff."

The defendants moved for dismissal, arguing that the district court was required under *Younger* to abstain from exercising its jurisdiction. In the alternative, they argued that

Eleventh Amendment immunity barred Carter's action because the DCF and ADP are state agencies and Florida had not waived its sovereign immunity.

In response, Carter stipulated that her complaint arose from an ongoing state judicial proceeding. However, she argued that: (1) exceptions to the *Younger* doctrine were present such that the district court could exercise its equitable jurisdiction; and (2) *Younger* did not apply to actions for money damages. In response to the state agencies' immunity argument, Carter argued that Congress abrogated Eleventh Amendment immunity when it passed 42 U.S.C. § 1983.

The district court determined that *Younger* abstention applied. It did not address the state agencies' alternate grounds for dismissal. The district court dismissed Carter's complaint with prejudice.

This is Carter's appeal.

## II.    DISCUSSION

### A.  Carter's Claim for Injunctive Relief

In *Younger*, the Supreme Court held that a federal court should not act to restrain an ongoing state court criminal prosecution. 401 U.S. at 41, 91 S. Ct. at 749.[3] The principles of

---

[3] This Court reviews *de novo* the district court's grant of a motion to dismiss. *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008). But a district court's decision to abstain on *Younger* grounds is reviewed for an

6                    Opinion of the Court                    21-13128

*Younger* abstention, which "derive[] from the vital consideration of comity between the state and national governments," are "fully applicable to noncriminal judicial proceedings when important state interests are involved." *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (quotation marks omitted).

A court must abstain under *Younger* if: (1) state judicial proceedings are ongoing and the relief sought by the plaintiff would interfere with the state proceeding; (2) the federal proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal challenges in the state proceedings. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 2521 (1982); *31 Foster Children*, 329 F.3d at 1275-76. Plaintiffs have the burden of establishing that the state proceedings do not provide an adequate remedy for their federal claims. *31 Foster Children*, 329 F.3d at 1279. A federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary. *Id.*

After careful review, we conclude that the district court did not abuse its discretion by dismissing Carter's claim for injunctive relief under *Younger* abstention principles. Carter conceded that her lawsuit implicated an ongoing state judicial proceeding, satisfying the first *Middlesex* factor. "Family relations are a

abuse of discretion. *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003).

traditional area of state concern," satisfying the second factor. *Moore v. Sims*, 442 U.S. 415, 435, 99 S. Ct. 2371, 2383 (1979); *31 Foster Children*, 329 F.3d at 1275. And, as to the third factor, Carter has not met her burden to show that she cannot raise her federal claims in the state proceedings.

Carter argues that extraordinary circumstances warrant the exercise of federal jurisdiction in this case. But extraordinary circumstances do not warrant enjoining guardianship proceedings unless the "state processes are unequal to the task of accommodating the various interests and deciding the constitutional questions that may arise." *Moore*, 442 U.S. at 433-35, 99 S. Ct. at 2382-83. Carter's allegations that she has not been successful in state court do not show that the state processes were insufficient here.

Accordingly, the district court did not abuse its discretion in dismissing Carter's claim for injunctive relief under the *Younger* abstention doctrine.

## B.  Carter's claim for monetary damages

As to Carter's claims for money damages, there is an issue about whether *Younger* abstention extends to damages claims. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 719-21, 116 S. Ct. 1712, 1721-23 (1996) ("[W]hile we have held that federal courts may stay actions for damages based on abstention principles, we have not held that those principles support the outright dismissal or remand of damages actions."); *Pompey v.*

8                    Opinion of the Court                    21-13128

*Broward Cnty.*, 95 F.3d 1543, 1552 n.12 (11th Cir. 1996) ("It is doubtful that federal district courts may dismiss claims for damages under abstention principles.").

We need not resolve this issue. The defendants argue, and we agree, that we may uphold the dismissal of Carter's claim for damages on the alternate ground that, as state agencies, they are immune from suit under the Eleventh Amendment. *See Cox v. Nobles*, 15 F.4th 1350, 1359 n.11 (11th Cir. 2021) ("[W]e may affirm on other grounds supported by the record.").

The Eleventh Amendment bars suits against states or state agencies in federal court unless a state has waived its sovereign immunity or Congress has abrogated it. U.S. Const. amend. XI; *Cassady v. Hall*, 892 F.3d 1150, 1152-53 (11th Cir. 2018).

Here, it is undisputed that the DCF and ADP are state agencies: Carter identifies both as such in her amended complaint. Moreover, both are established by statute within the state's executive branch. *See* Fla. Stat. §§ 20.19, 20.197.

Below, Carter argued only that the agencies were not immune from suit because § 1983 abrogated their immunity. But Congress has not abrogated Eleventh Amendment immunity in § 1983 cases. *Nichols v. Ala. State Bar*, 815 F.3d 726, 731 (11th Cir. 2016). And Florida has not otherwise waived its agencies' Eleventh Amendment immunity. *See* Fla. Stat. § 768.28(18).

Because the defendants are state agencies and their Eleventh Amendment immunity has not been waived or

abrogated, we affirm the district court's dismissal of Carter's claim for damages under § 1983.

## III.    CONCLUSION

For the reasons stated above, we affirm the district court's dismissal of Carter's amended complaint.  However, we remand this case to the district court with directions to vacate its with-prejudice dismissal and to enter a without-prejudice dismissal of Carter's amended complaint.

**AFFIRMED AND REMANDED.**