[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-11375

Non-Argument Calendar

_____

DENISE SNEED SAVAGE,

Interested Party-Appellant,

*versus*

GLENMARK PHARMACEUTICALS, INC. USA,
MARLENE GOLDENBERG,
 APOTEX CORP.,
MICHAEL MCCANDLESS,
BRAD ALDRIDGE,
et.al.,

Defendants-Appellees.

_____

2                    Opinion of the Court                    23-11375

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-md-02924-RLR

_____

Before GRANT, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Because Denise Sneed Savage's notice of appeal did not clearly designate any particular order to be appealed, we asked the parties to address which order(s) she intended to appeal and the basis of our jurisdiction to consider those order(s). *See* Fed. R. App. P. 3(c).

Liberally construed, Savage's response to our jurisdictional questions and her merits brief indicate that she is challenging: (1) an October 4, 2022 paperless order directing her to file a motion to proceed *in forma pauperis*; (2) an October 21, 2022 order consolidating her case in multidistrict litigation ("MDL") and administratively closing her individual case; (3) November 4, 2022 and November 28, 2022 orders denying her motions for referral to a volunteer attorney program; and (4) a December 19, 2022 order clarifying the scope of a tolling provision for participation in a voluntary claims registry. *See Nichols v. Ala. State Bar*, 815 F.3d 726, 731 (11th Cir. 2016) (providing that we "may look to the record, including the parties' briefs, to determine the orders or parts thereof an appellant intended to appeal").

Those orders are not final orders that resolved Savage's case on the merits. *See* 28 U.S.C. § 1291; *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022). Nor are they immediately appealable under the collateral order doctrine, as they either did not conclusively resolve a disputed question or are not effectively unreviewable on appeal from a final judgment. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (explaining that a non-final ruling may be appealed if it conclusively determines a disputed question, resolves an important issue completely separate from the merits, and is effectively unreviewable on appeal from a final judgment). Although the district court appears to have ended the litigation on the merits in this MDL during the pendency of this appeal, its subsequent final judgment does not retroactively validate this premature appeal from nonfinal interlocutory orders.

Accordingly, this appeal is DISMISSED for lack of jurisdiction.