[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-12246

Non-Argument Calendar

_____

FELISSA GRISSETT,

Plaintiff-Appellant,

*versus*

LEXINGTON LAW,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:25-cv-03569-MHC

_____

Before BRANCH, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

On July 1, 2025, the district court entered in this case an order directing Felissa Grissett to file an amended complaint. On the same day, Grissett, *pro se*, filed a notice of appeal that did not mention that order, or any other order, but instead appeared to be the same vague notice of appeal she filed in several cases.

A jurisdictional question asked Grissett to address whether her notice of appeal challenges a reviewable order. She has not filed a response to the jurisdictional question.

Upon review of the record, we conclude that Grissett has not challenged an order entered in this case. Neither Grissett's notice of appeal, her merits brief, nor anything else in the record suggests that Grissett challenges the July 1 order or even knew of that order when she filed her notice of appeal. *See* Fed. R. App. P. 3(c)(1)(B) (requiring a notice of appeal to "designate the judgment—or the appealable order—from which the appeal is taken"); *Nichols v. Ala. State Bar*, 815 F.3d 726, 731 (11th Cir. 2016) ("We may look to the record, including the parties' briefs, to determine the orders or parts thereof an appellant intended to appeal."); *see also Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs,* 162 F.3d 653, 661 (11th Cir. 1998) ("Rule 3(c) requires that a notice of appeal designate an existent judgment or order, not one that is merely expected or that is, or should be, within the appellant's contemplation when the notice of appeal is filed."). We thus lack jurisdiction over this appeal.

25-12246                Opinion of the Court                          3

*See* 28 U.S.C. § 1291 (providing that our jurisdiction is generally limited to final decisions of the district courts); *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) ("A final decision is typically one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment.").

Accordingly, this appeal is DISMISSED for lack of jurisdiction. All pending motions are DENIED as moot.