[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13225

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

EDWIN SYLVAIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:14-cr-60313-DPG-1

_____

Before NEWSOM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Edwin Sylvain appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. section 3582(c)(2). The government has moved for summary affirmance because there is no substantial question as to the outcome of Sylvain's appeal. We agree, grant the summary affirmance motion, and affirm the district court's order.

## I.

Sylvain pleaded guilty to conspiring to commit Hobbs Act robbery, Hobbs Act robbery, use of a firearm during a crime of violence, kidnapping, and carjacking. In 2015, the district court sentenced Sylvain to 408 months' imprisonment.

Between May 2021 and September 2022, Sylvain moved more than a dozen times to reduce his sentence. Relevant here:

- In May 2021, he moved for compassionate release under section 3582(c)(1)(A) based on the Covid-19 pandemic.

- In June 2022, he moved for reduction of his sentence under section 3582(c)(2), arguing plain error under Federal Rule of Criminal Procedure 52(b) and misapplication of guideline section 2K2.4 and guideline amendments 599 and 600.

- In July 2022, he moved for compassionate release under section 3582(c)(1)(A), arguing that he saved the life of a

corrections officer in medical distress by providing im-
mediate assistance and calling other officers for help.

On August 16, 2022, the district court denied Sylvain's sec-
tion 3582(c)(2) motion for reduced sentence because he failed to
show "how the guidelines were misapplied to him," noting that he
and the government jointly recommended a sentence of thirty-
four years' imprisonment. That same day, the district court denied
Sylvain's May 2021 and July 2022 section 3582(c)(1)(A) compassion-
ate release motions because the section 3553(a) factors didn't sup-
port his release, he failed to demonstrate an extraordinary and
compelling reason for his early release, and he remained a danger
to the safety of the community.

On September 13, 2022, Sylvain moved to reduce his sen-
tence under section 3582(c)(2), reiterating his arguments from his
June 2022 and July 2022 motions. The next day, the district court
described the motion as "another collateral attack on his convic-
tions and sentence" and denied it "for the reasons already stated
. . . in its previous [o]rders."

Sylvain timely appealed, and the government has moved for
summary affirmance and a stay of the briefing schedule.

## II.

Summary disposition is appropriate where "the position of
one of the parties is clearly right as a matter of law so that there can
be no substantial question as to the outcome of the case." *Groen-
dyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). We

review de novo a district court's legal conclusions about the scope of its authority under section 3582(c)(2). *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012). If section 3582(c)(2) applies, we review the district court's decision to grant or deny a sentence reduction for abuse of discretion. *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017). "While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citations omitted).

### III.

Section 3582(c)(2) allows a district court to modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). A district court considering a motion under this section must determine (1) what sentence it would've imposed based on the subsequently lowered sentencing range, and (2) whether, in its discretion, it should reduce the defendant's sentence accordingly considering the section 3553(a) factors and whether the defendant poses a threat to the safety of the community. *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009); *United States v. Bravo*, 203 F.3d 778, 780–81 (11th Cir. 2000); U.S.S.G. § 1B1.10, cmt. n.1(B)(ii)–(iii).

In his notice of appeal, Sylvain specified that "[t]his notice is for my 3582(c)(2) that was denied 9/14/2022." No other orders or motions were mentioned.

22-13225              Opinion of the Court                    5

But, in his brief, Sylvain doesn't mention section 3582(c)(2). He doesn't address whether the district court abused its discretion when it denied his section 3582(c)(2) motion.  And he identifies no amendment to the guidelines that was made after he was sentenced and that would have subsequently lowered his guideline range. Sylvain has therefore abandoned these arguments.

What Sylvain *does* mention is his July 2022 motion for compassionate release under section 3582(c)(1)(A), which he calls the "instant motion on appeal."  But where an appellant makes an express statement limiting the scope of the appeal, we have jurisdiction to review only the judgments or orders that are specified in the notice of appeal.  Fed. R. App. P. 3(c)(6); *Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521, 1528 (11th Cir. 1987) ("The general rule in this circuit is that an appellate court has jurisdiction to review only those judgments, orders or portions thereof which are specified in an appellant's notice of appeal."), *aff'd sub nom. Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989).  We liberally construe this requirement.  *Smith v. Barry*, 502 U.S. 244, 248 (1992) ("When papers are technically at variance with the letter of [Rule 3], a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." (quotation omitted)).  But even under the most liberal construction possible, Sylvain's notice shows no overriding intent to appeal anything other than the September 14 ruling.  *See Nichols v. Ala. State Bar*, 815 F.3d 726, 730 (11th Cir. 2016) ("We liberally construe the requirements of Rule 3, however, and an appeal is not lost if a mistake is made in designating the judgment appealed from

6                    Opinion of the Court                22-13225

where it is clear that the overriding intent was effectively to appeal." (quotation omitted)).  We therefore lack jurisdiction to consider his arguments related to his earlier motions.  *See* Fed. R. App. P. 3(c)(6); *Osterneck*, 825 F.3d at 1528.[1]

The government argues that Sylvain has abandoned his challenge to the denial of his section 3582(c)(2) motion by not briefing it on appeal.  Because the government is clearly correct as a matter of law, it is entitled to summary affirmance.  *See Groendyke Transp.*, 406 F.2d at 1162.

But even if it weren't, the outcome would be the same.  Sylvain's section 3582(c)(2) motion didn't rely on any amendment to the guidelines that retroactively reduced his guideline range.  Rather, he relied on amendments 599 and 600, which went into effect November 1, 2000, well before the district court sentenced him. The other grounds he cited in support of his motion—saving the life of the corrections officer, the district court's alleged "misapplication" of section 924(c), and the "ambiguity" of that statute—

---

[1] Even if we could review the district court's order denying compassionate release, we would still grant the government's summary affirmance motion. "[T]he only circumstances that can rise to the level of extraordinary and compelling reasons for compassionate release are limited to those extraordinary and compelling reasons as described by [s]ection 1B1.13." *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021). But the reasons Sylvain gave for compassionate release were not described in section 1B1.13. So there was no basis for the district court to grant relief.

22-13225                Opinion of the Court                7

aren't reasons for a sentence reduction under section 3582(c)(2). The district court therefore could not have abused its discretion.

**MOTION FOR SUMMARY AFFIRMANCE GRANTED; AFFIRMED.**[2]

---

[2] The government's motion to stay the briefing schedule is DENIED AS MOOT.